UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LEBOEUF, LAMB, GREENE & MACRAE LLP,

Plaintiff,

v. C.A. No. 06-501-L-DLM

DAVID STRACHMAN, as the Administrator of
the Estate of Yaron Ungar, et al.,

Defendants.

**ANSWER**

Defendants, by their attorneys, hereby answer[1] the plaintiff's complaint in this action as follows:

1. Answering the allegations contained in paragraph 1 of the complaint, defendants state that they lack knowledge or information sufficient to form a belief as to the truth of these allegations.

2. Answering the allegations contained in paragraph 2 of the complaint, defendants admit the allegations of paragraph 2 of the complaint.

3. Answering the allegations contained in paragraph 3 of the complaint, defendants admit the allegations of paragraph 3 of the complaint, except that defendants deny that the filing of their action under Civil No. 00-105L subjected them to the jurisdiction of this Court for any action other than Civil No. 00-105L.

4. Answering the allegations contained in paragraph 4 of the complaint, defendants deny the allegations of paragraph 4 of the complaint.

[1] Defendants have filed a motion to dismiss which is currently pending. Defendants are, respectfully, strongly optimistic about their motion. However, out of an abundance of caution, and in order to permit this case to proceed immediately to discovery and trial without delay if their motion is denied, plaintiffs are filing their Answer.

5. Answering the allegations contained in paragraph 5 of the complaint, defendants deny the allegations of paragraph 5 of the complaint.

6. Answering the allegations contained in paragraph 6 of the complaint, defendants deny the allegations of paragraph 6 of the complaint.

7. Answering the allegations contained in paragraph 7 of the complaint, defendants admit the allegations of paragraph 7 of the complaint.

8. Answering the allegations contained in paragraph 8 of the complaint, defendants admit the allegations of paragraph 8 of the complaint.

9. Answering the allegations contained in paragraph 9 of the complaint, defendants state that after spending over $300,000 on enforcement proceedings they have managed to recover only part of the post-judgment interest on the judgment, and that the entire judgment, plus part of the post-judgment interest, remains unpaid.

10. Answering the allegations contained in paragraph 10 of the complaint, defendants admit the allegations of paragraph 10 of the complaint.

11. Answering the allegations contained in paragraph 11 of the complaint, defendants admit the allegations of paragraph 11 of the complaint.

12. Answering the allegations contained in paragraph 12 of the complaint, defendants admit the allegations of paragraph 12 of the complaint, and state that (a) the PIF had no right or standing to be a party to that proceeding and (b) the PIF was aware of that proceeding.

13. Answering the allegations contained in paragraph 13 of the complaint, defendants deny the allegations of paragraph 13 of the complaint, except that defendants admit the fact that the Court made the statement attributed to it.

14. Answering the allegations contained in paragraph 14 of the complaint, defendants deny the allegations of paragraph 14 of the complaint, except that defendants admit the fact that the Court made the statement attributed to it.

15. Answering the allegations contained in paragraph 15 of the complaint, defendants admit the allegations of paragraph 15 of the complaint, except that defendants deny plaintiff's implicit allegation (expressed by the use of the word "however") that the statement made by Mr. Strachman contradicts statements of the Court quoted by plaintiff in the previous paragraphs of the complaint.

16. Answering the allegations contained in paragraph 16 of the complaint, defendants admit the allegations of paragraph 16 of the complaint, and state that the language of the Final Judgment was prepared in accordance with the Order entered by the Court on September 13, 2006.

17. Answering the allegations contained in paragraph 17 of the complaint, defendants admit the allegations of paragraph 17 of the complaint, except that defendants deny the allegation that the certificate is "the rough equivalent of a certificate of incorporation" and state that the certificate is a certificate of ownership.

18. Answering the allegations contained in paragraph 18 of the complaint, defendants admit the allegations of paragraph 18 of the complaint, except that defendants deny any allegation by plaintiff that the PIF's corporate veil could not be pierced or that the PIF could not be held to be an alter ego of the PA, if it were still owned by the PA.

19. Answering the allegations contained in paragraph 19 of the complaint, defendants deny the allegations of paragraph 19 of the complaint, except that defendants admit

that the PIF was not named as a formal party to the action and state that the PIF had no right or standing to be a party to the action.

20. Answering the allegations contained in paragraph 20 of the complaint, defendants deny the allegations of paragraph 20 of the complaint.

21. Answering the allegations contained in paragraph 21 of the complaint, defendants admit the allegations of paragraph 21 of the complaint, except that defendants deny any implicit allegations that the Articles of Association prevent, negate, derogate from or purport to prohibit the transfer of rights effected by the Final Judgment in favor of the defendants entered by the Court on September 19, 2006.

22. Answering the allegations contained in paragraph 22 of the complaint, defendants deny the allegations of paragraph 22 of the complaint.

23. Answering the allegations contained in paragraph 23 of the complaint, defendants deny the allegations of paragraph 23 of the complaint.

24. Answering the allegations contained in paragraph 24 of the complaint, defendants admit the allegations of paragraph 24 of the complaint.

25. Answering the allegations contained in paragraph 25 of the complaint, defendants (a) state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was asked to represent the PIF and (b) deny the allegations that they were or are attempting to "seize PIF assets," and state that they are seeking to execute against PA assets nominally titled to the PIF.

26. Answering the allegations contained in paragraph 26 of the complaint, defendants deny the allegations of paragraph 26 of the complaint.

27. Answering the allegations contained in paragraph 27 of the complaint, defendants deny the allegations of paragraph 27 of the complaint.

28. Answering the allegations contained in paragraph 28 of the complaint, defendants deny the allegations of paragraph 28 of the complaint.

29. Answering the allegations contained in paragraph 29 of the complaint, defendants deny the allegations of paragraph 29 of the complaint.

30. Answering the allegations contained in paragraph 30 of the complaint, defendants admit the allegations of paragraph 30 of the complaint, except that defendants deny that the document produced merely "purported" to be the minutes of the board meeting and state that the document was a true copy of the actual minutes.

31. Answering the allegations contained in paragraph 31 of the complaint, defendants deny the allegations of paragraph 31 of the complaint.

32. Answering the allegations contained in paragraph 32 of the complaint, defendants deny the allegations of paragraph 32 of the complaint, except that the defendants admit that the Articles of Association permit the directors of the PIF to waive advance notice of a Board of Directors meeting.

33. Answering the allegations contained in paragraph 33 of the complaint, defendants deny the allegations of paragraph 33 of the complaint.

34. Answering the allegations contained in paragraph 34 of the complaint, defendants deny the allegations of paragraph 34 of the complaint.

35. Answering the allegations contained in paragraph 35 of the complaint, defendants deny the allegations of paragraph 35 of the complaint.

36. Answering the allegations contained in paragraph 36 of the complaint, defendants admit the allegations of paragraph 36 of the complaint.

37. Answering the allegations contained in paragraph 37 of the complaint, defendants admit the allegations of paragraph 37 of the complaint.

38. Answering the allegations contained in paragraph 38 of the complaint, defendants admit the allegations of paragraph 38 of the complaint, except that defendants deny that the PIF merely "purported" to admit to the allegations of the complaint, and state that the PIF actually admitted to those allegations.

39. Answering the allegations contained in paragraph 39 of the complaint, defendants admit the allegations of paragraph 39 of the complaint, and state that (a) the PIF was incorporated only long after it was first established (b) the allegation quoted was written nine months before judgment entered on defendants' Creditor's Bill and (c) alternative pleading is permitted under Fed.R.Civ.P. 8(e)(2).

40. Answering the allegations contained in paragraph 40 of the complaint, defendants admit the allegations of paragraph 40 of the complaint.

41. Answering the allegations contained in paragraph 41 of the complaint, defendants admit the allegations of paragraph 41 of the complaint.

42. Answering the allegations contained in paragraph 42 of the complaint, defendants deny the allegations of paragraph 42 of the complaint, and further state that ¶ 51 of the PIF's Answer expressly stated that "as matter of fact, the PIF and the PCSC have been registered as corporations by the Palestinian Authority, but that their corporate form can be disregarded, if necessary, as a matter of law."

43. Answering the allegations contained in paragraph 43 of the complaint, defendants admit the allegations of paragraph 43 of the complaint.

44. Answering the allegations contained in paragraph 44 of the complaint, defendants admit the allegations of paragraph 44 of the complaint.

45. Answering the allegations contained in paragraph 45 of the complaint, defendants admit the allegations of paragraph 45 of the complaint.

46. Answering the allegations contained in paragraph 46 of the complaint, defendants admit the allegations of paragraph 46 of the complaint.

47. Answering the allegations contained in paragraph 47 of the complaint, defendants deny the allegations of paragraph 47 of the complaint.

48. Answering the allegations contained in paragraph 48 of the complaint, defendants admit the allegations of paragraph 48 of the complaint.

49. Answering the allegations contained in paragraph 49 of the complaint, defendants admit the allegations of paragraph 49 of the complaint.

50. Answering the allegations contained in paragraph 50 of the complaint, defendants admit the allegations of paragraph 50 of the complaint, except that plaintiff has omitted the final part of Judge McMahon's order which states "… (if such a time comes)."

51. Answering the allegations contained in paragraph 51 of the complaint, defendants admit the allegations of paragraph 51 of the complaint.

52. Answering the allegations contained in paragraph 52 of the complaint, defendants admit the allegations of paragraph 52 of the complaint.

53. Answering the allegations contained in paragraph 53 of the complaint, defendants admit the allegations of paragraph 53 of the complaint.

54. Answering the allegations contained in paragraph 54 of the complaint, defendants admit the allegations of paragraph 54 of the complaint.

55. Answering the allegations contained in paragraph 55 of the complaint, defendants admit the allegations of paragraph 55 of the complaint.

56. Answering the allegations referenced in paragraph 56 of the complaint, defendants repeat all of their foregoing answers as if fully set forth herein.

57. Answering the allegations contained in paragraph 57 of the complaint, defendants deny the allegations of paragraph 57 of the complaint.

58. Answering the allegations contained in paragraph 58 of the complaint, defendants deny the allegations of paragraph 58 of the complaint, except that defendants admit the fact that the Court made the statement attributed to it.

59. Answering the allegations contained in paragraph 59 of the complaint, defendants deny the allegations of paragraph 59 of the complaint.

60. Answering the allegations contained in paragraph 60 of the complaint (a) defendants admit that the PIF is a separate legal entity, except that defendants deny any allegation by plaintiff that the PIF's corporate veil could not be pierced or that the PIF could not be held to be an alter ego of the PA, if it were still owned by the PA and (b) defendants admit that the PIF was not a named party to the action, but defendants deny that the PIF had any right or standing to be a party to the action and defendants further deny that the PIF did not have notice of the action.

61. Answering the allegations contained in paragraph 61 of the complaint, defendants deny the allegations of paragraph 61 of the complaint.

62. Answering the allegations contained in paragraph 62 of the complaint, defendants deny the allegations of paragraph 62 of the complaint.

63. Answering the allegations referenced in paragraph 63 of the complaint, defendants repeat all of their foregoing answers as if fully set forth herein.

64. Answering the allegations contained in paragraph 64 of the complaint, defendants deny the allegations of paragraph 64 of the complaint.

65. Answering the allegations contained in paragraph 65 of the complaint, defendants admit the allegations of paragraph 65 of the complaint, except that the legal name of the so-called "Palestinian National Authority" is the "Palestinian Authority".

66. Answering the allegations contained in paragraph 66 of the complaint, defendants deny the allegations of paragraph 66 of the complaint.

67. Answering the allegations contained in paragraph 67 of the complaint, defendants deny the allegations of paragraph 67 of the complaint.

68. Answering the allegations contained in paragraph 68 of the complaint, defendants deny the allegations of paragraph 68 of the complaint.

69. Answering the allegations contained in paragraph 69 of the complaint, defendants deny the allegations of paragraph 69 of the complaint.

70. Answering the allegations contained in paragraph 70 of the complaint, defendants admit the allegations of paragraph 70 of the complaint, except that (a) the defendants deny the implicit allegation that the Resolution was executed in response to the Rohback letter and state that execution of the Resolution was planned and prepared for many weeks in advance as the natural and logical next step after defendants were assigned ownership of the PIF (b) the defendants deny the allegation that they acted merely as the "purported" new owners and state

that they acted as the actual new owners and (c) defendants deny the allegation that the former directors were merely "purportedly" dismissed and state that the directors were actually dismissed.

71. Answering the allegations contained in paragraph 71 of the complaint, defendants deny the allegations of paragraph 71 of the complaint, and further state that the Resolution of the new owners and the Resolutions and Minutes of the new directors complied fully with the PIF's Articles of Association.

72. Answering the allegations contained in paragraph 72 of the complaint, defendants deny the allegations of paragraph 72 of the complaint.

73. Answering the allegations contained in paragraph 73 of the complaint, defendants deny the allegations of paragraph 73 of the complaint, and further state that the Resolution of the new owners and the Resolutions and Minutes of the new directors complied fully with the PIF's Articles of Association.

74. Answering the allegations contained in paragraph 74 of the complaint, defendants deny the allegations of paragraph 74 of the complaint, and further state that the Resolution of the new owners and the Resolutions and Minutes of the new directors complied fully with the PIF's Articles of Association.

75. Answering the allegations contained in paragraph 75 of the complaint, defendants deny the allegations of paragraph 75 of the complaint, and further state that the Resolution of the new owners and the Resolutions and Minutes of the new directors complied fully with the PIF's Articles of Association.

76. Answering the allegations contained in paragraph 76 of the complaint, defendants deny the allegations of paragraph 76 of the complaint, and further state that the

Resolution of the new owners and the Resolutions and Minutes of the new directors complied fully with the PIF's Articles of Association.

77. Answering the allegations contained in paragraph 77 of the complaint, defendants deny the allegations of paragraph 77 of the complaint.

78. Answering the allegations contained in paragraph 78 of the complaint, defendants deny the allegations of paragraph 78 of the complaint.

79. Answering the allegations contained in paragraph 79 of the complaint, defendants deny the allegations of paragraph 79 of the complaint.

80. Answering the allegations contained in paragraph 80 of the complaint, defendants deny the allegations of paragraph 80 of the complaint.

81. Answering the allegations contained in paragraph 81 of the complaint, defendants admit the allegations of paragraph 81 of the complaint.

82. Answering the allegations contained in paragraph 82 of the complaint, defendants deny the allegations of paragraph 82 of the complaint.

83. Answering the allegations contained in paragraph 83 of the complaint, defendants deny the allegations of paragraph 83 of the complaint.

84. Answering the allegations contained in paragraph 84 of the complaint, defendants deny the allegations of paragraph 84 of the complaint.

85. Answering the allegations contained in paragraph 85 of the complaint, defendants deny the allegations of paragraph 85 of the complaint.

86. Answering the allegations contained in paragraph 86 of the complaint, defendants deny the allegations of paragraph 86 of the complaint.

87. Answering the allegations contained in paragraph 87 of the complaint, defendants deny the allegations of paragraph 87 of the complaint.

88. Answering the allegations contained in paragraph 88 of the complaint, defendants deny the allegations of paragraph 88 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

**Lack of Subject Matter Jurisdiction**

89. This Court lacks subject-matter jurisdiction over this action.

## SECOND AFFIRMATIVE DEFENSE

**Failure to State a Claim**

90. The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

**Lack of a Case or Controversy**

91. The Complaint should be dismissed due to the absence of a case or controversy.

## FOURTH AFFIRMATIVE DEFENSE

**Lack of Standing**

92. The Complaint should be dismissed because the Plaintiff lacks standing to make the claims asserted in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

**Real Party in Interest**

93. The Complaint should be dismissed because the Plaintiff is not the real party in interest.

## SIXTH AFFIRMATIVE DEFENSE

**Res Judicata**

94. The claims asserted in the Complaint are barred by the doctrine of res judicata.

**SEVENTH AFFIRMATIVE DEFENSE**

**Estoppel and Waiver**

95. The claims asserted in the Complaint are barred by reason of estoppel and waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

96. The Plaintiff is entitled to no relief because it acted with unclean hands.

Defendants, by their Attorney

/s/David J. Strachman

David J. Strachman
McIntyre, Tate, & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlhlaw.com

CERTIFICATION

I hereby certify that on the 9th day of May, 2007, a true copy of the within was sent via ECF to counsel of record:

Matthew F. Medeiros
Little, Medeiros, Kinder, Bulman & Whitney
72 Pine St.
Providence, RI 02903

/S/ David J. Strachman