during the period that the PA was a defendant in the underlying action for money damages in the United States District Court in Rhode Island.

59. Upon information and belief, none of the Aliases and Shell Funds, whether or not they have cognizable legal personality or corporate identity separate from the PA, own any property or assets of their own.

60. Upon information and belief, any and all assets and property of any type designated or titled to, or held in, the name of the Aliases and Shell Funds, are legally, beneficially and equitably owned by the PA.

61. Upon information and belief, any and all debts owed and/or due to, or payable in the name of, the Aliases and Shell Funds, are legally, beneficially and equitably owed, due and payable to the PA.

62. In at least ten sworn affidavits submitted by the PA in civil proceedings pending in Israeli courts (copies of which are in Plaintiffs' possession) the PA has identified the Direct Investments in Defendant ORASCOM and the PA's OTA and OTT Stakes—specifically by name—as assets owned by the PA and available for the satisfaction of judgments against the PA (hereinafter: "PA Affidavits in the Israeli Proceedings").

63. The PA submitted the PA Affidavits in the Israeli Proceedings in support of successful motions filed by the PA in the Israeli courts to vacate or reduce the amount of prejudgment attachments that had been imposed on the PA by the Israeli courts in those proceedings.

64. The PA is therefore judicially estopped from contesting or opposing the instant action.

65. Additionally and/or alternatively the PA Affidavits in the Israeli Proceedings constitute admissions dispositive of the instant action. [1]

66. Therefore, any amounts nominally owed, due or and/or payable from Defendant ORASCOM to any of the Aliases and Shell Funds are legally, beneficially and equitably owed, due and payable to the PA, and any money or other property held by Defendant ORASCOM titled to any of the Aliases and Shell Funds, or in which any of the Aliases and Shell Funds claim an interest, constitute money, property and/or interests legally, beneficially and equitably owned by the PA.

## C. This Court Has *In Personam* Jurisdiction over Defendant ORASCOM

### i. Defendant ORASCOM Continuously Conducts Substantial and Extensive Business and Other Activities in New York and the United States as a Whole

67. Defendant ORASCOM is subject to the general *in personam* jurisdiction of this Court in this action because it systematically conducts substantial business and other

---

[1] The PIF/PA are hereby cautioned that if they file papers in this matter contradicting the sworn affidavits filed by the PA in the Israeli proceedings, Plaintiffs will (1) seek all available sanctions under Fed.R.Civ.P. 11 and other relevant provisions; and (2) deliver copies of such contradictory papers to the chambers of the Israeli judges before whom the PA filed the sworn affidavits.

The Ungars have suffered through five years of contumacious and dilatory litigation conduct at the hands of the PA and PLO, and the Court should tolerate no more. *See Ungar* 325 F. Supp. 2d at 62 (finding that the PA and PLO took "deliberate actions to delay the completion of this litigation" and "sought to delay these proceedings as long as possible," and imposing sanctions for their bad-faith conduct). *See also*, *Knox v. Palestine Liberation Organization*, 229 F.R.D. 65 (S.D.N.Y. 2005) (finding that the PLO and PA "generat[ed] more than a year's delay and thousands of dollars in legal expenses" warning that the "Court will not tolerate such practices in the future, and will consider any unexplained repetition of them sufficient grounds for imposition of sanctions on Defendants' counsel personally as well as on Defendants" and imposing sanctions of estoppel and attorneys fees).

activities in New York and across the United States on a continuous and permanent basis, and maintains contacts with New York State and the United States as a whole which are qualitatively and quantitatively sufficient for the exercise of jurisdiction under the Fifth and Fourteenth Amendments to the Constitution.

68. Despite having been denied jurisdictional discovery from Defendant ORASCOM and its officers, Plaintiffs have obtained evidence that ORASCOM conducts and maintains a broad range of commercial and other contacts and activities in New York and throughout the United States.

69. The categories and types of commercial and other activities and contacts conducted and maintained by Defendant ORASCOM in New York and the United States include, *inter alia*, the following:

a) ORASCOM profits directly from cellular phone calls made in New York and elsewhere in the United States by its cell phone customers, pursuant to long-term, on-going commercial partnerships and agreements with U.S.-based telecommunication companies. Under those partnerships and agreements ORASCOM's customers can and do operate their ORASCOM cellular phones in New York and elsewhere in the United States, and ORASCOM derives substantial financial benefit therefrom. Thus, ORASCOM continuously and systematically operates, conducts and profits from its cellular phone business in New York and elsewhere in the United States, exactly as it does in the Middle East;

b) ORASCOM maintains an active and on-going depository receipt program in New York;

c) ORASCOM regularly receives substantial financing and lines of credit from entities and persons in New York and elsewhere in the United States;

d) ORASCOM regularly participates in and makes presentations at conferences in New York organized by investment banks, at which Orascom meets with and solicits major institutional investors and potential business partners;

e) ORASCOM regularly participates in and/or sponsors business and economic policy conferences around the United States;

f) ORASCOM has contracted and continuously and regularly does contract with entities and persons located in New York and elsewhere in the United States for the purchase of goods and on-going provision of services;

g) ORASCOM has entered into and is currently engaged in various commercial partnerships and joint ventures with entities and persons located in New York and elsewhere in the United States;

h) ORASCOM has repeatedly and expressly agreed to submit to the jurisdiction of New York state and federal courts, in several past and current contracts to which ORASCOM is a party;

i) ORASCOM provides funding to various educational and political institutions in New York and elsewhere in the United States;

70. Each one of the types and categories of contacts and/or activities listed above is jurisdictionally significant and cognizable.

71. The above list of categories and types of contacts and activities is a partial and non-exhaustive list, and jurisdictional discovery from Defendant ORASCOM and

its officers will reveal additional categories and types of jurisdictionally significant contacts and activities maintained and conducted by Defendant ORASCOM.[2]

### ii. Additionally and/or Alternatively, Personal Jurisdiction Is Established by Negative Inference and Estoppel On the Basis of Defendant ORASCOM's Conduct

72. A defendant's obstructive, contumacious and/or recalcitrant conduct can create a negative inference and presumption establishing that its contacts in the jurisdiction are sufficient for the exercise of *in personam* jurisdiction and/or estop the defendant from disputing that it is subject to the personal jurisdiction of the court. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099 (1982).

73. Upon information and belief, Defendant ORASCOM has engaged in at least three distinct courses of conduct that create a negative inference and presumption establishing that ORASCOM's contacts in New York and the United States as a whole are sufficient for the exercise of *in personam* jurisdiction over it by this Court, and estop ORASCOM from disputing that it is subject to the personal jurisdiction of this Court.

---

2 The within list enumerates only general categories and types of jurisdictional contacts and activities conducted by ORASCOM, and does not and does not purport to enumerate ORASCOM's specific contacts and activities. Plaintiffs' have uncovered multiple distinct examples of specific contacts and/or activities by ORASCOM within each and every one of the general categories and types listed above. In other words, each of the general categories and types listed above signifies not one, but rather several or many discrete contacts and activities by ORASCOM. Jurisdictional discovery from ORASCOM and its officers will reveal both additional general categories, and additional specific examples of contacts and activities within each category.

74. First, in an effort to block Plaintiffs' attempts to obtain discovery from ORASCOM regarding its jurisdictional contacts in the United States and to convince this Court that it lacks such jurisdictional contacts, ORASCOM submitted to this Court the Declaration of Amr Esmat Abaza ("Abaza Declaration").[3]

75. The Abaza Declaration asserts that "OTH does not do business in New York State" and "OTH does not solicit business...in New York State...." (Abaza Declaration § 7). Upon information and belief, these sweeping assertions are patently false and misleading and therefore constitute a bad-faith and unlawful attempt by Defendant ORASCOM to both (a) block Plaintiffs' efforts to obtain discovery from ORASCOM regarding its jurisdictional contacts and (b) convince this Court that it lacks such jurisdictional contacts.

76. ORASCOM's submission of the false and misleading Abaza Declaration creates a strong inference that ORASCOM is seeking to conceal from the Plaintiffs and the Court the existence of contacts and activities that support the Court's exercise of personal jurisdiction over ORASCOM in this action.

77. Second, upon information and belief, Defendant ORASCOM has unlawfully persuaded and/or otherwise caused ORASCOM officers Hatim El-Gammal and Zouhair Khaliq ("ORASCOM Officers") not to comply with subpoenas served upon them by Plaintiffs for the purpose of obtaining information relevant to ORASCOM's activities in the United States.

---

[3] The Abaza Declaration was submitted in support of the "Consolidated Reply Memorandum of Points and Authorities In Support of Nonparties Orascom Telecom Holding S.A.E.'s and Khaled Bishara's Motions to Quash Subpoenas" filed by ORASCOM in this Court under Case No. 18 MS 0302.

78. The conduct of Defendant ORASCOM with respect to the subpoenas served on the ORASCOM Officers creates a strong negative inference that ORASCOM is seeking to conceal from the Plaintiffs and the Court the existence of contacts and activities that support the Court's exercise of personal jurisdiction over ORASCOM in this action.

79. Additionally and/or alternatively, the refusal of the ORASCOM Officers to comply with the subpoenas creates a strong negative inference that is attributable to ORASCOM itself since, upon information and belief: (a) the ORASCOM Officers have a high degree of loyalty to ORASCOM due to their professional positions; (b) ORASCOM exercises a high degree of control over the ORASCOM Officers due to their professional positions; and (c) the refusal of the ORACOM' Officers to comply with the subpoenas advances the interests of both the ORASCOM' Officers and Defendant ORASCOM itself. *LiButti v. United States*, 107 F.3d 110, 123 (2d. Cir. 1997).

80. Third, upon information and belief, Defendant ORASCOM has unlawfully persuaded or otherwise caused U.S.-based third-parties with whom ORASCOM conducts business ("Third Party Witnesses") not to comply with subpoenas served upon them by Plaintiffs for the purpose of obtaining information relevant to ORASCOM's activities in the United States.

81. The conduct of Defendant ORASCOM with respect to the subpoenas served on the Third Party Witnesses creates a strong negative inference that ORASCOM is seeking to conceal from the Plaintiffs and the Court the existence of contacts and activities that support the Court's exercise of personal jurisdiction over ORASCOM in this action.

82. Additionally and/or alternatively, the refusal of Third Party Witnesses to comply with the subpoenas creates a strong negative inference that is attributable to

ORASCOM itself since, upon information and belief: (a) the Third Party Witnesses have a high degree of loyalty to ORASCOM due to their business contacts with ORASCOM; (b) ORASCOM exercises a high degree of control over the Third Party Witnesses due to its business contacts with the Third Party Witnesses; and (c) the refusal of the Third Party Witnesses to comply with the subpoenas advances the interests of both the Third Party Witnesses and Defendant ORASCOM itself.

83. Thus, this Court can and should find that the conduct of Defendant ORASCOM described herein creates a negative inference and presumption establishing that ORASCOM'S contacts in New York and the United States as a whole are statutorily and constitutionally sufficient for this Court to exercise *in personam* jurisdiction over ORASCOM, and estops ORASCOM from arguing otherwise.

**AS AND FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**

**TURNOVER**

**UNDER A CREDITOR'S BILL/SUPPLEMENTAL BILL**

84. Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if they were more fully set forth herein.

85. Plaintiffs are judgment-creditors of the PA.

86. The PA is a foreign entity.

87. The United States District Court for the District of Rhode Island has found that the PA does not intend to honor Plaintiffs' judgment, that the PA has recently liquidated assets comprising a significant part of its overall investment portfolio, that Plaintiffs' judgment against the PA is intended to compensate Plaintiffs for the murder of

their decedent, and that Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

88. The PA has, moreover, expressly informed the Plaintiffs that it will never honor their judgment.

89. The PA has openly refused to produce its officials, including Rashid, to provide deposition testimony regarding the PA's investments and assets.

90. The PA has notified this Court that it does not recognize the jurisdiction of this or any other court of the United States over the PA.

91. Defendant ORASCOM is indebted to judgment-debtor PA.

92. Defendant ORASCOM holds money and/or other property belonging to judgment-debtor PA and/or in which the PA has an interest.

93. Plaintiffs are therefore entitled to bring the instant action as a creditor's bill and/or a supplemental bill under the Court's equity powers, and to entry of an order and judgment directing Defendant ORASCOM to turnover and pay to Plaintiffs, to the extent of the full amount of Plaintiffs' judgment against the PA: (a) all debts owed by Defendant ORASCOM to the PA, however titled; and (b) all money and/or other property of the PA, or in which the PA has an interest, however titled, in the control or possession of Defendant ORASCOM.

## AS AND FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF

## TURNOVER

## PURSUANT TO CPLR §§ 5225 AND/OR 5227

94. Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if they were more fully set forth herein.

95. Plaintiffs are judgment-creditors of the PA.

96. Defendant ORASCOM is indebted to judgment-debtor PA.

97. Defendant ORASCOM holds money and/or other property belonging to judgment-debtor PA and/or in which the PA has an interest.

98. Plaintiffs are therefore entitled to an order and judgment pursuant to New York State Civil Practice Law and Rules ("CPLR") §§ 5225 and/or 5227 ordering Defendant ORASCOM to turnover and pay to Plaintiffs, to the extent of the full amount of Plaintiffs' judgment against the PA: (a) all sums owed by Defendant ORASCOM to the PA, however titled; and (b) all money and/or other property of the PA, or in which the PA has an interest, however titled, in the control or possession of Defendant ORASCOM.

**WHEREFORE**, the Plaintiffs demand an order and judgment against Defendants:

(i) Ordering Defendant ORASCOM to turnover and pay to Plaintiffs, up to the full amount of Plaintiffs' judgment against the PA and the statutory post-judgment interest thereon:

(a) All debts owed, due and/or payable by Defendant ORASCOM to the PA that are titled and/or payable in the names of the PA or the PIF, including without limitation all debts owed, due or payable as a consequence and result of, and/or as consideration for, the Direct Investments and Defendant ORASCOM's Acquisition of the PA's OTA and OTT Stakes, as defined herein; and

(b) All money and/or other property that is titled in the names of the PA or the PIF, or in which the PA or the PIF has a titular interest, in the control or possession of Defendant ORASCOM; and

(ii) Awarding Plaintiffs their costs, expenses, disbursements and attorney's fees in connection with this proceeding, together with such other and further relief that this Court deems just, proper and equitable.

Dated: New York, New York
January 19, 2006

Yours,

JAROSLAWICZ & JAROS, ESQS.
*Attorneys for the plaintiffs*

by: ______________________________
Robert J. Tolchin (RT3713)

150 William Street, 19th Floor
New York, New York 10038
(212) 227-2780

David Strachman, Esq.
MCINTYRE, TATE, LYNCH & HOLT, LLP
*Attorneys for the plaintiffs*
321 South Main Street, Suite 400
Providence, Rhode Island 02903
(401) 351-7700