# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ESTATE OF YARON UNGAR by and through its Administrator, DAVID STRACHMAN; DVIR UNGAR minor, by his guardians and next friends, YISHAI UNGAR, minor, by his guardians and next friends, PROFESSOR MEIR UNGAR, JUDITH UNGAR, individually and in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR; RABBI URI DASBER, and JUDITH DASBERG, in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR, AMICHAI UNGAR, DAFNA UNGAR and MICHAEL COHEN,<br><br>Plaintiffs,<br><br>-against-<br><br>ORASCOM TELECOM HOLDING S.A.E. (a/k/a "Orascom Telecom" a/k/a "OTH") and THE PALESTINE INVESTMENT FUND (a/k/a "Palestinian Investment Fund" a/k/a "Sharekat Sundouk al-Istithmar al-Filistinee"),<br><br>Defendants. | Civil Action No. 05-CV-7765 (CM)(LMS)<br><br>**NOTICE OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24** |

SIRS:

PLEASE TAKE NOTICE that upon the annexed Declaration of Thomas G. Rohback, Esq. dated October 27, 2006 together with the exhibits annexed thereto, and LeBoeuf, Lamb, Greene & MacRae LLP's ("Proposed Intervenor") Memorandum of Law in Support of Its Motion to Intervene and all the pleadings and proceedings heretofore had herein, the undersigned, on behalf of the Proposed Intervenor will move this this Court at the Courthouse thereof located at 300 Quarropas Street, White Plains, New York, New York 10601 for an Order granting the Proposed Intervenor's Motion to Intervene.

Dated: Hartford, Connecticut
October 27, 2006

PROPOSED INTERVENOR, LEBOEUF
LAMB GREENE & MACRAE LLP

By: [signature]

Thomas G. Rohback (TR-4817)
Gail L. Gottehrer (GG-5817)
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Fax: (860) 293-3730

Counsel for Proposed Intervenor
LeBoeuf, Lamb, Greene & MacRae LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ESTATE OF YARON UNGAR by and through its Administrator, DAVID STRACHMAN; DVIR UNGAR minor, by his guardians and next friends, YISHAI UNGAR, minor, by his guardians and next friends, PROFESSOR MEIR UNGAR, JUDITH UNGAR, individually and in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR; RABBI URI DASBER, and JUDITH DASBERG, in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR, AMICHAI UNGAR, DAFNA UNGAR and MICHAEL COHEN,<br><br>Plaintiffs,<br><br>-against-<br><br>ORASCOM TELECOM HOLDING S.A.E. (a/k/a "Orascom Telecom" a/k/a "OTH") and THE PALESTINE INVESTMENT FUND (a/k/a "Palestinian Investment Fund" a/k/a "Sharekat Sundouk al-Istithmar al-Filistinee"),<br><br>Defendants. | Civil Action No.<br>05-CV-7765 (CM)(LMS) |

**<u>LEBOEUF, LAMB, GREENE & MACRAE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE</u>**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**FACTS** .......... 1

**ARGUMENT** .......... 4

I. LeBoeuf's Motion to Intervene Should be Granted .......... 4

A. LeBoeuf Meets the Requirements for Intervention as of Right .......... 4

1. LeBoeuf's Motion to Intervene is Timely .......... 4

2. LeBoeuf Has a Significant Interest in this Action .......... 5

3. LeBoeuf's Interests Will Be Impaired by the Disposition of this Action .......... 6

4. LeBoeuf's Interest is Distinct From, and Not Adequately Protected By, the Parties in this Action .......... 6

B. LeBoeuf Meets the Requirements for Permissive Intervention .......... 7

II. This Action Should Be Stayed Pending Resolution of These Issues .......... 8

**CONCLUSION** .......... 9

# TABLE OF AUTHORITIES

## CASES


Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101 (E.D.N.Y. 2002) ........ 5

Brennan v. New York City Bd. of Educ., 260 F.3d 123 (2d Cir. 2001) ........ 4

Cohen v. Republic of Philippines, 146 F.R.D. 90 (S.D.N.Y. 1993) ........ 5,6

DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714 (S.D.N.Y. 2003) ........ 8

Hardman v. Town of Angelica, 163 F.R.D. 180 (W.D.N.Y. 1995) ........ 7

John v. Sotheby's, 141 F.R.D. 29 (S.D.N.Y. 1992) ........ 5

Lasala v. Needham & Co., Inc., 399 F.Supp. 2d 421 (S.D.N.Y. 2005) ........ 8

Miller v. Silberman, 832 F. Supp. 663 (S.D.N.Y. 1993) ........ 7

New York Pub. Interest Research Group, Inc. v. Regents of the Univ. of the State of New York, 516 F.2d 350 (2d Cir. 1975) ........ 5,6

Oneida Indian Nation of Wisconsin v. New York, 732 F.2d 261 (2d Cir. 1984) ........ 5

Range v. AMTRAK, 176 F.R.D. 85 (W.D.N.Y. 1997) ........ 7

Schiller v. City of New York, 04 Civ. 7921, 7922 (KMK) (JCF), 2006 U.S. Dist. LEXIS 70479, (S.D.N.Y. Sept. 27, 2006) ........ 7

United States v. Country Club Garden Owners Ass'n, 159 F.R.D. 400 (E.D.N.Y. 1995) ........ 5


## RULES


Fed. R. Civ. P. 24(a)(2) ........ 4

Fed. R. Civ. P. 24(b)(2) ........ 7

LeBoeuf Lamb Greene & MacRae LLP ("LeBoeuf"), on its own behalf, respectfully submits this Memorandum of Law in support of its Motion to Intervene as a Party in the above-captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## FACTS

On or about October 9, 2006, LeBoeuf was asked to represent the Palestine Investment Fund ("PIF") in connection with the above-referenced action and another action filed on behalf of the Ungars in the U.S. District Court for the District of Connecticut, captioned Strachman v. Palestinian Authority, 05-mc-00208-PCD.[1] As of that date, the PIF had not appeared or filed any papers in the action presently before this Court. Robert Tolchin, counsel for the Ungars, had filed a Request for Default against the PIF in this action on or about November 15, 2005, which does not appear to have been decided.

On October 16, 2006, Attorney Thomas G. Rohback from LeBoeuf submitted a letter to the Court in Connecticut informing the Court that the firm had been asked to represent the PIF and wished to be heard on its behalf. Mr. Rohback requested permission to file papers on behalf of the PIF relating to Canaan Partners' pending motion in that action, reserving all rights, including the right to contest jurisdiction. See Exhibit A to Declaration of Thomas G. Rohback ("Rohback Dec.").

On October 20, 2006, LeBoeuf received a letter from Mr. Tolchin stating that he now represents the PIF and that LeBoeuf has been discharged. See Rohback Dec., Exhibit B. Mr. Tolchin appears to base that claim on a default judgment the Ungars obtained against the

---

[1] In the action in the U.S. District Court for the District of Connecticut, the Ungar Plaintiffs are seeking to enforce judgments obtained against the Palestinian National Authority ("PA") and the Palestine Liberation Organization ("PLO") in The Estate of Ungar v. The Palestinian National Authority, 00-CV-105 (D.R.I.) by executing against interests titled to the PIF in two off-shore limited partnerships, Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V.

Palestinian Authority in Rhode Island, in a case in which the PIF was not a party and was not served. To the extent that Mr. Tolchin obtained a default judgment against the Palestinian Authority, it is not clear to us that his clients are now the rightful owners of the PIF.

Accordingly, on October 24, 2006, Mr. Rohback wrote back to Mr. Tolchin explaining we could not simply abandon a legal representation that we had been asked to undertake and that our intention was to obtain guidance from the Court. See Rohback Dec., Exhibit C.

In response to that letter, Mr. Tolchin sent a letter to Mr. Rohback dated October 24, 2006 in which he threatened $350,000,000 in trebled RICO damages against LeBoeuf if we filed any papers with any Court on behalf of the PIF. See Rohback Dec., Exhibit D. In his letter, Mr. Tolchin stated that LeBoeuf's "claim to continue to represent the PIF is absolutely fraudulent." Id. Mr. Tolchin then threatened "if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm" including seeking $350,000,000 in RICO damages. Id. On October 26, 2006, Mr. Rohback sent a letter to the Court in Connecticut informing it of these developments and requesting a conference with the Court as soon as possible so that we may discuss how to proceed. See Rohback Dec., Exhibit E.

On October 26, 2006, LeBoeuf learned that on October 24, 2006, Mr. Tolchin filed a Notice of Appearance on behalf the PIF and an Answer to the Plaintiffs' First Amended Complaint on behalf of the PIF. See Rohback Dec., Exhibit F. In that Answer, the PIF, through Mr. Tolchin, admitted all the allegations that required an answer by the PIF and consented "to all the relief sought by the Plaintiffs in the First Amended Complaint" -- the very pleading that Mr. Tolchin had filed on behalf of the Plaintiffs in this action in January 2006. See Rohback Dec.,

Ex. G.[2] Mr. Tolchin has now filed appearances on behalf of, and purports to represent, both the Plaintiffs and one of the Defendants in this action.

LeBoeuf seeks to intervene in this action because it has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. LeBoeuf's interests are not represented by the existing parties to this action. LeBoeuf's claim and the main action have a question of law and fact in common -- who is entitled to represent the interests of the PIF in this action.

Accordingly, LeBoeuf's motion to intervene should be granted so that the Court can determine whether LeBoeuf or the Ungars' counsel represents the PIF in this action and whether the pleadings filed by the Ungars' counsel on behalf of the PIF are valid. LeBoeuf also

---

[2] Plaintiffs' counsel made similar filings in the District of Connecticut action. On October 26, 2006, Mr. Rohback learned that on October 25, 2006, Attorney Stephen Wright, Plaintiffs' Connecticut counsel, filed an entry of appearance in this action on behalf of The Palestinian Investment Fund -- which is not a party to that action. Mr. Wright, on behalf of the Plaintiffs, filed a Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests of the PIF in the Canaan Funds. Mr. Wright, on behalf of the PIF, filed a "Statement of the Palestine Investment Fund" in which he stated that the PIF "consents to all the relief sought in Plaintiff's Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests" -- the very motion that he filed on the same day on behalf of the Plaintiffs. On the signature block on that Statement, Mr. Tolchin is listed as being "Of Counsel" to the Palestine Investment Fund. See Rohback Dec., Exhibit H.

respectfully requests that this action be stayed until such time as the Court can determine this issue, after full briefing by LeBoeuf and the Ungars' counsel.

## ARGUMENT

## I. LeBoeuf's Motion to Intervene Should be Granted.

### A. LeBoeuf Meets the Requirements for Intervention as of Right.

LeBoeuf satisfies the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). LeBoeuf 's motion to intervene in this action is timely filed. LeBoeuf has a right to intervene because it has an interest in this action. LeBoeuf 's interests in this action will be impaired by the disposition of this action and is not adequately protected by the parties. See, e.g., Brennan v. New York City Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001) (movant seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.")

#### 1. LeBoeuf 's Motion to Intervene is Timely.

Plaintiffs filed this action on September 2, 2005. From that date until October 24, 2006, when Mr. Tolchin filed an appearance and an answer purportedly on behalf of the PIF, the PIF did not file an appearance in this action nor did it respond to the original Complaint. The PIF retained LeBoeuf on or about October 9, 2006. LeBoeuf received Mr. Tolchin's letter stating that he now represents the PIF and that LeBoeuf Lamb has been discharged on October 20, 2006. Plaintiffs' counsel filed an appearance and an answer on behalf of the PIF on October 24, 2006. LeBoeuf was not served with these documents. LeBoeuf learned of these documents on October 26, 2006 and promptly moved to intervene.

LeBoeuf 's intervention in this action will not unnecessarily delay or complicate the proceedings. The parties will not be prejudiced by the limited delay, if any, that may result from LeBoeufs intervention in this action. By contrast, LeBoeuf will be severely prejudiced if it is not permitted to intervene in this action. Accordingly, LeBoeuf 's motion to intervene is timely. See, e.g., Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101, 110-11 (E.D.N.Y. 2002) (finding motion to intervene was timely where it was filed shortly after movant learned of the underlying action); United States v. Country Club Garden Owners Ass'n, 159 F.R.D. 400, 403 (E.D.N.Y. 1995) ("The timeliness of a Motion to Intervene is a matter left to the Court's sound discretion, to be determined from all the circumstances.")

2. LeBoeuf Has a Significant Interest in this Action.

LeBoeuf has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests that the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. See, e.g., Cohen v. Republic of Philippines, 146 F.R.D. 90, 92 (S.D.N.Y. 1993) (intervenor's interest in the property at issue found sufficient to support motion to intervene); Oneida Indian Nation of Wisconsin v. New York, 732 F.2d 261, 265 (2d Cir. 1984) (reversing order denying intervention, finding there was a substantial likelihood that the claims and interests of the proposed intervenors may have been adversely affected by the judgment to be entered in the case); John v. Sotheby's, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (claiming ownership of the object of litigation found to be sufficient interest to allow intervention); New York Pub. Interest Research Group,

Inc. v. Regents of the Univ. of the State of New York, 516 F.2d 350, 351-52 (2d Cir. 1975) (reversing denial of motion to intervene by pharmaceutical society and pharmacists, holding their interests in the regulation at issue being sustained were sufficient to entitle them to intervene as defendants).

3. LeBoeuf 's Interests Will Be Impaired by the Disposition of this Action.

The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. See New York Public Interest Research Group, Inc., 516 F.2d at 352 (intervenors were so situated that the disposition of the action might impede their interests so as to permit them to intervene); Cohen, 146 F.R.D. at 92 (intervenor had an interest in the action that may have been impaired; Court refused to deprive intervenor of her day in court simply to allow for a speedy disposition of the action).

4. LeBoeuf's Interest is Distinct From, and Not Adequately Protected By, the Parties in this Action.

LeBoeuf's interests are not represented by the existing parties to this action. LeBoeuf's interests are separate and distinct from the interests of Orascom Telecom Holding S.A.E. ("Orascom") and are not, and cannot be, adequately protected by Orascom. The Plaintiffs' interests are clearly distinct from, and antagonistic to, LeBoeuf's interests, as Plaintiffs' counsel purport to represent the PIF and have threatened to "take all measures the law permits" against LeBoeuf and its attorneys, including seeking $350,000,000 in RICO damages, if "LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF)." See Rohback Dec., Exhibit D. Accordingly, LeBoeuf's motion to intervene should be granted so that it can protect its otherwise unprotected interests in this action. See New York Pub. Interest Research Group, Inc., 516 F.2d at 352

(holding that interests of proposed intervenors pharmaceutical association and individual pharmacists were not adequately protected by the defendant Regents of the State of New York, finding a "likelihood that the pharmacists will make a more vigorous presentation of the economic side of the argument than would the Regents"); Range v. AMTRAK, 176 F.R.D. 85, 89 (W.D.N.Y. 1997) (granting insurance company's motion to intervene where its ability to protect its interest would be impaired); Hardman v. Town of Angelica, 163 F.R.D. 180, 190 (W.D.N.Y. 1995) (intervenor demonstrated that parties would not adequately represent their interests, and that, as an intervenor, they would raise the proper issues to the court).

B. LeBoeuf Meets the Requirements for Permissive Intervention.

The requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2) are also satisfied by LeBoeuf 's motion. As discussed, *supra*, LeBoeuf 's motion to intervene was timely filed. In addition, as discussed, *supra*, there are common questions of law and fact between LeBoeuf's claim and interest and the instant action, including who is entitled to represent the interests of the PIF in this action. Finally, LeBoeuf's intervention in this action will not unduly delay the proceedings or prejudice the interests of any of the parties. Justice, as well as judicial economy, requires that the Court determine who represents the PIF in this action before this action proceeds any further. Accordingly, LeBoeuf 's motion for permissive intervention should be granted. See Miller v. Silberman, 832 F. Supp. 663, 673 (S.D.N.Y. 1993) (granting permissive intervention because considerations of fairness weigh strongly in favor of permissive intervention as intervenors will contribute to court's understanding of the case); Schiller v. City of New York, 04 Civ. 7921, 7922 (KMK) (JCF), 2006 U.S. Dist. LEXIS 70479, at *7-8 (S.D.N.Y. Sept. 27, 2006) (granting permissive intervention because applicant has direct interest

in the action, there is no reason to believe applicant's interest would be adequately represented, and intervention should not impede the progress of the issues).

## II. This Action Should Be Stayed Pending Resolution of These Issues.

This action should be stayed so that no additional filings are made by any of the parties to this action and none of the motions that are before the Court are decided until such time as the Court rules on LeBoeuf's motion to intervene, determines whether LeBoeuf or the Ungars' counsel represents the PIF in this action, and determines whether the pleadings filed by the Ungars' counsel on behalf of the PIF on October 24, 2006 are valid.[3] See Lasala v. Needham & Co., Inc., 399 F.Supp. 2d 421, 427-28 (S.D.N.Y. 2005) (granting stay, explaining that the "power to stay proceedings is incidental to the inherent power in every court to control the disposition of the causes on its own docket . . . . It follows that the decision whether to issue stay is 'firmly within a district court's discretion.'") (internal citations omitted); DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714, 741 (S.D.N.Y. 2003) (granting defendant's motion to stay and noting that "the Court may exercise discretion attendant to its power to manage its docket effectively, so as to stay this action").

[3] LeBoeuf respectfully requests the opportunity to submit briefs on these issues and to file an amended version of the proposed pleading that it is submitting herewith pursuant to Fed. R. Civ. P. 24(c).

**CONCLUSION**

For the reasons set forth above, LeBoeuf respectfully requests that the Court issue an Order granting LeBoeuf's Motion to Intervene and staying this action pending a determination of who is entitled to represent the interests of the PIF in this action and awarding LeBoeuf such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: Hartford, CT
October 27, 2006

PROPOSED INTERVENOR, LEBOEUF, LAMB, GREENE & MACRAE LLP

By: [signature]

Thomas G. Rohback (TR-4817)
Gail L. Gottehrer (GG-5187)
LEBOEUF, LAMB, GREENE & MACRAE LLP
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Fax: (860) 293-3730
E-mail: trohback@llgm.com
E-mail: glgotteh@llgm.com

Counsel for Proposed Intervenor LeBoeuf, Lamb, Greene & MacRae LLP

265115