# EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID STRACHMAN, Administrator of the Estate of Yaron Ungar, et al., Plaintiffs, -against- THE PALESTINIAN AUTHORITY, et al., Defendants. | Case No. 3:05-mc-00208-PCD<br>October 27, 2006 |

**LEBOEUF, LAMB, GREENE & MACRAE LLP'S MOTION TO INTERVENE**

LeBoeuf Lamb Greene & MacRae LLP ("LeBoeuf"), on its own behalf, respectfully moves this Court for an Order granting its request to intervene in this action as a party in the above-captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure. In support of this Motion, LeBoeuf avers as follows:

1. On or about October 9, 2006, LeBoeuf was asked to represent the Palestine Investment Fund ("PIF") in connection with the above-referenced action.[1]

2. On October 16, 2006, Attorney Thomas G. Rohback from LeBoeuf submitted a letter to the Court informing the Court that the firm had been asked to represent the PIF and wished to be heard on its behalf. Mr. Rohback requested permission to file papers on behalf of the PIF relating to Canaan Partners' pending motion, reserving all rights, including the right to contest jurisdiction.

[1] In this action, Plaintiffs are seeking to enforce judgments obtained against the Palestinian National Authority ("PA") and the Palestine Liberation Organization ("PLO") in The Estate of Ungar v. The Palestinian National Authority, 00-CV-105 (D.R.I.) by executing against interests titled to the PIF in two off-shore limited partnerships, Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V.

3. On October 20, 2006, LeBoeuf received a letter from Robert Tolchin, counsel to the Ungars, stating that he now represents the PIF and that LeBoeuf Lamb has been discharged. Mr. Tolchin appears to base that claim on a default judgment the Ungars obtained against the Palestinian Authority in Rhode Island, in a case in which the PIF was not a party and was not served. To the extent that Mr. Tolchin obtained a default judgment against the Palestinian Authority, it is not clear to us that his clients are now the rightful owners of the PIF.

4. Accordingly, on October 24, 2006, Mr. Rohback wrote back to Mr. Tolchin explaining we could not simply abandon a legal representation that we had been asked to undertake and that our intention was to obtain guidance from the Court.

5. In response to that letter, Mr. Tolchin sent a letter to Mr. Rohback dated October 24, 2006 in which he threatened $350,000,000 in trebled RICO damages against LeBoeuf if we filed any papers with any Court on behalf of the PIF. In his letter, Mr. Tolchin stated that LeBoeuf's "claim to continue to represent the PIF is absolutely fraudulent." Mr. Tolchin then threatened "if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm" including seeking $350,000,000 in RICO damages.

6. On October 26, 2006, Mr. Rohback sent a letter to the Court informing it of these developments and requesting a conference with the Court as soon as possible so that we may discuss how to proceed.

7. On October 26, 2006, Mr. Rohback learned that on October 25, 2006, Attorney Stephen Wright, Plaintiffs' Connecticut counsel, filed an entry of appearance in this action on behalf of The Palestinian Investment Fund -- which is not a party to this action. Mr. Wright, on

behalf of the Plaintiffs, filed a Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests of the PIF in the Canaan Funds. Mr. Wright, on behalf of the PIF, filed a "Statement of the Palestine Investment Fund" in which he stated that the PIF "consents to all the relief sought in Plaintiff's Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests" -- the very motion that he filed on the same day on behalf of the Plaintiffs.[2]

8. LeBoeuf seeks to intervene in this action because it has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. LeBoeuf's interests are not represented by the existing parties to this action. LeBoeuf's claim and the main action have a question of law and fact in common -- who is entitled to represent the interests of the PIF in this action.

9. Accordingly, LeBoeuf's motion to intervene should be granted so that the Court can determine whether LeBoeuf or the Ungars' counsel represents the PIF in this action and whether the pleadings filed by the Ungars' counsel on behalf of the PIF are valid. LeBoeuf also

[2] On the signature block on that Statement, Mr. Tolchin is listed as being "Of Counsel" to the Palestine Investment Fund.

respectfully requests that this action be stayed until such time as the Court can determine this issue, after full briefing by LeBoeuf and the Ungars' counsel.

**LeBoeuf Meets the Requirements for Intervention as of Right.**

10. LeBoeuf satisfies the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). LeBoeuf 's motion to intervene in this action is timely filed. LeBoeuf has a right to intervene because it has an interest in this action. LeBoeuf's interests in this action will be impaired by the disposition of this action and are not adequately protected by the parties. See, e.g., Brennan v. New York City Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001).

**LeBoeuf 's Motion to Intervene is Timely.**

11. Plaintiffs filed this action on June 29, 2005. The PIF is not named in the action. The PIF retained LeBoeuf on or about October 9, 2006 and promptly submitted a letter to the Court. LeBoeuf received Mr. Tolchin's letter stating that he now represents the PIF and that LeBoeuf has been discharged on October 20, 2006. Plaintiffs' counsel filed an appearance on behalf of the PIF on October 25, 2006. LeBoeuf was not served with this document. LeBoeuf learned of this document on October 26, 2006 and promptly moved to intervene.

12. LeBoeuf 's intervention in this action will not unnecessarily delay or complicate the proceedings. The parties will not be prejudiced by the limited delay, if any, that may result from LeBoeuf's intervention in this action. By contrast, LeBoeuf will be severely prejudiced if it is not permitted to intervene in this action. Accordingly, LeBoeuf 's motion to intervene is timely. See, e.g., Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101, 110-11 (E.D.N.Y. 2002). Compare Mrs. W. v. Tirozzi, 124 F.R.D. 42, 44 (D. Conn. 1989).

**LeBoeuf Has a Significant Interest in this Action.**

13. LeBoeuf has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. See, e.g., State Bd. of Educ. v. City of Waterbury, 21 Conn. App. 67, 73 (1990); New York Pub. Interest Research Group, Inc. v. Regents of the Univ. of the State of New York, 516 F.2d 350, 351-52 (2d Cir. 1975).

**LeBoeuf 's Interests Will Be Impaired by the Disposition of this Action.**

14. The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. See Associated Gen. Contractors, Inc. v. New Haven, 130 F.R.D. 4, 11 (D. Conn. 1990); Brennan, 260 F.3d at 129-131.

**LeBoeuf 's Interest is Distinct From, and Not Adequately Protected By, the Parties in this Action.**

15. LeBoeuf's interests are not represented by the existing parties to this action. The Palestinian National Authority, the Palestinian Liberation Organization, and other defendants have not appeared in this action. LeBoeuf's interests are separate and distinct from the interests of Canaan Partners and are not, and cannot be, adequately protected by Canaan Partners.

16. The Plaintiffs' interests are clearly distinct from, and antagonistic to, LeBoeuf's interests, as Plaintiffs' counsel purport to represent the PIF and have threatened to "take all measures the law permits" against LeBoeuf and its attorneys, including seeking $350,000,000 in

RICO damages, if "LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF)." Accordingly, LeBoeuf's motion to intervene should be granted so that it can protect its otherwise unprotected interests in this action. See New York Pub. Interest Research Group, Inc. v. Regents, 516 F.2d at 352; Associated Gen. Contractors, 130 F.R.D. at 11-12; State Bd. of Educ. v. City of Waterbury, 21 Conn. App. at 73-74.

**LeBoeuf Meets the Requirements for Permissive Intervention.**

17. The requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2) are also satisfied by LeBoeuf 's motion. As discussed, *supra*, LeBoeuf 's motion to intervene was timely filed. In addition, as discussed, *supra*, there are common questions of law and fact between LeBoeuf's claim and interest and the instant action, including who is entitled to represent the interests of the PIF in this action. Finally, LeBoeuf's intervention in this action will not unduly delay the proceedings or prejudice the interests of any of the parties. Justice, as well as judicial economy, requires that the Court determine who represents the PIF in this action before this action proceeds any further. Accordingly, LeBoeuf 's motion for permissive intervention should be granted. See Penn Lyon Homes, Inc. v. Liberty Mut. Ins. Co., No. 00CV1808, 2001 U.S. Dist. LEXIS 14400, at *2 (D. Conn. May 14, 2001).

**This Action Should Be Stayed Pending Resolution of These Issues.**

18. This action should be stayed so that no additional filings are made by any of the parties to this action and none of the motions that are before the Court are decided until such time as the Court rules on LeBoeuf's motion to intervene, determines whether LeBoeuf or the Ungars' counsel represents the PIF in this action, and determines whether the pleadings filed by

the Ungars' counsel on behalf of the PIF on October 25, 2006 are valid.[3] See Lasala v. Needham & Co., Inc., 399 F.Supp. 2d 421, 427-28 (S.D.N.Y. 2005); DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714, 741 (S.D.N.Y. 2003).

WHEREFORE, LeBoeuf respectfully requests that the Court issue an Order granting LeBoeuf's Motion to Intervene and staying this action pending a determination of who is entitled to represent the interests of the PIF in this action and awarding LeBoeuf such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: Hartford, CT
October 27, 2006

PROPOSED INTERVENOR, LEBOEUF, LAMB, GREENE & MACRAE LLP

By: [signature]

Thomas G. Rohback (CT-01096)
Gail L. Gottehrer (CT-19346)
LEBOEUF, LAMB, GREENE & MACRAE LLP
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Fax: (860) 293-3730
E-mail: trohback@llgm.com
E-mail: glgotteh@llgm.com

Counsel for Proposed Intervenor LeBoeuf, Lamb, Greene & MacRae LLP

[3] LeBoeuf respectfully requests the opportunity to submit briefs on these issues and to file an amended version of the proposed pleading that it is submitting herewith pursuant to Fed. R. Civ. P. 24(c).

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, a copy of the foregoing Motion to Intervene, Memorandum of Law in Support of Motion to Intervene, Declaration of Thomas G. Rohback, Proposed Motion for Determination of Counsel and Proposed Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David J. Strachman
McIntyre, Tate, Lynch & Holt-LLP
321 South Main Street
Suite 400
Providence, RI 02903

Robert F. Maslan, Jr.
Maslan Brown & Associates, LLP
3 Parklands Drive, Suite 207
Darien, CT 06820

Stephen P. Wright
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06460

Charles L. Kerr
Mark D. McPherson
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0050

Jeffrey J. Tinley
Erin L. Golembiewski
Tinley, Nastri, Renehan & Dost
60 North Main Street, 2nd Fl.
Waterbury, CT 06702

Robert A. Alessi
Tamara L. Schlinger
Cahill, Gordon & Reindel
80 Pine Street
New York, NY 10005

By: [signature]
Thomas G. Rohback