**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID STRACHMAN, Administrator of the Estate of Yaron Ungar, et al., Plaintiffs, | : | Case No. 3:05-mc-00208-PCD |
| -against- | : | October 27, 2006 |
| THE PALESTINIAN AUTHORITY, et al., Defendants. | : | |

## LEBOEUF, LAMB, GREENE & MACRAE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE

LeBoeuf Lamb Greene & MacRae LLP ("LeBoeuf"), on its own behalf, respectfully submits this Memorandum of Law in support of its Motion to Intervene as a Party in the above-captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## FACTS

On or about October 9, 2006, LeBoeuf was asked to represent the Palestine Investment Fund ("PIF") in connection with the above-referenced action.[1] On October 16, 2006, Attorney Thomas G. Rohback from LeBoeuf submitted a letter to the Court informing the Court that the firm had been asked to represent the PIF and wished to be heard on its behalf. Mr. Rohback requested permission to file papers on behalf of the PIF relating to Canaan Partners' pending motion, reserving all rights, including the right to contest jurisdiction. See Exhibit A to Declaration of Thomas G. Rohback ("Rohback Dec.").

[1] In this action, Plaintiffs are seeking to enforce judgments obtained against the Palestinian National Authority ("PA") and the Palestine Liberation Organization ("PLO") in The Estate of Ungar v. The Palestinian National Authority, 00-CV-105 (D.R.I.) by executing against interests titled to the PIF in two off-shore limited partnerships, Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V.

On October 20, 2006, LeBoeuf received a letter from Robert Tolchin, counsel to the Ungars, stating that he now represents the PIF and that LeBoeuf has been discharged. See Rohback Dec., Exhibit B. Mr. Tolchin appears to base that claim on a default judgment the Ungars obtained against the Palestinian Authority in Rhode Island, in a case in which the PIF was not a party and was not served. To the extent that Mr. Tolchin obtained a default judgment against the Palestinian Authority, it is not clear to us that his clients are now the rightful owners of the PIF.

Accordingly, on October 24, 2006, Mr. Rohback wrote back to Mr. Tolchin explaining we could not simply abandon a legal representation that we had been asked to undertake and that our intention was to obtain guidance from the Court. See Rohback Dec., Exhibit C.

In response to that letter, Mr. Tolchin sent a letter to Mr. Rohback dated October 24, 2006 in which he threatened $350,000,000 in trebled RICO damages against LeBoeuf if we filed any papers with any Court on behalf of the PIF. See Rohback Dec., Exhibit D. In his letter, Mr. Tolchin stated that LeBoeuf's "claim to continue to represent the PIF is absolutely fraudulent." Id. Mr. Tolchin then threatened "if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm" including seeking $350,000,000 in RICO damages. Id.

On October 26, 2006, Mr. Rohback sent a letter to the Court informing it of these developments and requesting a conference with the Court as soon as possible so that we may discuss how to proceed. See Rohback Dec., Exhibit E. On October 26, 2006, Mr. Rohback learned that on October 25, 2006, Attorney Stephen Wright, Plaintiffs' Connecticut counsel, filed an entry of appearance in this action on behalf of The Palestinian Investment Fund -- which is

not a party to this action. Mr. Wright, on behalf of the Plaintiffs, filed a Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests of the PIF in the Canaan Funds. Mr. Wright, on behalf of the PIF, filed a "Statement of the Palestine Investment Fund" in which he stated that the PIF "consents to all the relief sought in Plaintiff's Motion for a Turnover Order and Appointment of a Receiver to Sell Partnership Interests" -- the very motion that he filed on the same day on behalf of the Plaintiffs.[2] See Rohback Dec., Ex. F.

LeBoeuf seeks to intervene in this action because it has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. LeBoeuf's interests are not represented by the existing parties to this action. LeBoeuf's claim and the main action have a question of law and fact in common -- who is entitled to represent the interests of the PIF in this action.

Accordingly, LeBoeuf's motion to intervene should be granted so that the Court can determine whether LeBoeuf or the Ungars' counsel represents the PIF in this action and whether the pleadings filed by the Ungars' counsel on behalf of the PIF are valid. LeBoeuf also

---

[2] On the signature block on that Statement, Mr. Tolchin is listed as being "Of Counsel" to the Palestine Investment Fund.

respectfully requests that this action be stayed until such time as the Court can determine this issue, after full briefing by LeBoeuf and the Ungars' counsel.

## ARGUMENT

### I. LeBoeuf's Motion to Intervene Should be Granted.

#### A. LeBoeuf Meets the Requirements for Intervention as of Right.

LeBoeuf satisfies the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). LeBoeuf 's motion to intervene in this action is timely filed. LeBoeuf has a right to intervene because it has an interest in this action. LeBoeuf's interests in this action will be impaired by the disposition of this action and are not adequately protected by the parties. See, e.g., Brennan v. New York City Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001) (movant seeking to intervene as of right must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.").

##### 1. LeBoeuf 's Motion to Intervene is Timely.

Plaintiffs filed this action on June 29, 2005. The PIF is not named in the action. The PIF retained LeBoeuf on or about October 9, 2006 and promptly submitted a letter to the Court. LeBoeuf received Mr. Tolchin's letter stating that he now represents the PIF and that LeBoeuf Lamb has been discharged on October 20, 2006. Plaintiffs' counsel filed an appearance on behalf of the PIF on October 25, 2006. LeBoeuf was not served with this document. LeBoeuf learned of this document on October 26, 2006 and promptly moved to intervene.

LeBoeuf 's intervention in this action will not unnecessarily delay or complicate the proceedings. The parties will not be prejudiced by the limited delay, if any, that may result from LeBoeuf's intervention in this action. By contrast, LeBoeuf will be severely prejudiced if it is

not permitted to intervene in this action. Accordingly, LeBoeuf 's motion to intervene is timely. See, e.g., Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101, 110-11 (E.D.N.Y. 2002) (finding motion to intervene was timely where it was filed shortly after movant learned of the underlying action, movant's intervention would not unnecessarily delay or complicate action, and movant would be prejudiced if motion to intervene was denied). Compare Mrs. W. v. Tirozzi, 124 F.R.D. 42, 44 (D. Conn. 1989)(finding motion to intervene untimely when party waited over nearly four years after plaintiff filed initial complaint and failed to show any unusual circumstances warranting such late intervention).

2. LeBoeuf Has a Significant Interest in this Action.

LeBoeuf has ethical and financial interests in the conduct of this action and how it proceeds. LeBoeuf was retained by the PIF on or about October 9, 2006. LeBoeuf contests the Ungars' assertion that they have the right to discharge LeBoeuf as counsel to the PIF. Accordingly, LeBoeuf has continuing ethical and legal obligations to represent the PIF and its interests in the above-captioned action. LeBoeuf also has a financial interest in this action, namely in its ability to continue to represent the PIF in connection with this action. See, e.g., State Bd. of Educ. v. City of Waterbury, 21 Conn. App. 67, 73 (1990) (reversing denial of motion to intervene by parent-teacher association and parents, finding they had direct and personal interest in subject matter of action and qualified for intervention as of right under Fed. R. Civ. P. 24(a)(2)); New York Pub. Interest Research Group, Inc. v. Regents of the Univ. of the State of New York, 516 F.2d 350, 351-52 (2d Cir. 1975) (reversing denial of motion to intervene by pharmaceutical society and pharmacists, holding their interests in the regulation at issue being sustained were sufficient to entitle them to intervene as defendants).

3. LeBoeuf 's Interests Will Be Impaired by the Disposition of this Action.

The fact that counsel for the Ungars has now purported to appear on behalf of the PIF and file papers on its behalf demonstrates that the disposition of this action will impair and impede LeBoeuf's ability to protect its interests. See Associated Gen. Contractors, Inc. v. New Haven, 130 F.R.D. 4, 11 (D. Conn. 1990) (granting minority contractor's motion to intervene, holding contractor had an interest in action challenging ordinance at issue which interest would be adversely affected by decision in underlying action); Brennan, 260 F.3d at 129-131 (reversing denial of white male employees' motion to intervene, holding they had cognizable interest that could be adversely affected by terms of settlement in employment discrimination action).

4. LeBoeuf's Interest is Distinct From, and Not Adequately Protected By, the Parties in this Action.

LeBoeuf's interests are not represented by the existing parties to this action. The Palestinian National Authority, the Palestinian Liberation Organization, and other defendants have not appeared in this action. LeBoeuf's interests are separate and distinct from the interests of Canaan Partners and are not, and cannot be, adequately protected by Canaan Partners. The Plaintiffs' interests are clearly distinct from, and antagonistic to, LeBoeuf's interests, as Plaintiffs' counsel purport to represent the PIF and have threatened to "take all measures the law permits" against LeBoeuf and its attorneys, including seeking $350,000,000 in RICO damages, if "LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF)." See Rohback Dec., Exhibit D. Accordingly, LeBoeuf's motion to intervene should be granted so that it can protect its otherwise unprotected interests in this action. See New York Pub. Interest Research Group, Inc. v. Regents, 516 F.2d at 352 (holding that interests of proposed intervenors pharmaceutical association and individual pharmacists were not adequately protected by the defendant Regents

of the State of New York, finding a "likelihood that the pharmacists will make a more vigorous presentation of the economic side of the argument than would the Regents"); Associated Gen. Contractors, 130 F.R.D. at 11-12 (granting minority contractor's motion to intervene, finding that although city defendant was "capable and committed to defend" set-aside ordinance at issue, contractor's interest in the ordinance was "compelling economically and thus distinct from that of the city"); State Bd. of Educ. v. City of Waterbury, 21 Conn. App. at 73-74 (finding parents had special interest in action involving school desegregation plan that may "compete with the interests of the state board of education," making intervention pursuant to Fed. R. Civ. P. 24(a)(2) appropriate).

B. LeBoeuf Meets the Requirements for Permissive Intervention.

The requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2) are also satisfied by LeBoeuf's motion. As discussed, *supra*, LeBoeuf's motion to intervene was timely filed. In addition, as discussed, *supra*, there are common questions of law and fact between LeBoeuf's claim and interest and the instant action, including who is entitled to represent the interests of the PIF in this action. Finally, LeBoeuf's intervention in this action will not unduly delay the proceedings or prejudice the interests of any of the parties. Justice, as well as judicial economy, requires that the Court determine who represents the PIF in this action before this action proceeds any further. Accordingly, LeBoeuf's motion for permissive intervention should be granted. See Penn Lyon Homes, Inc. v. Liberty Mut. Ins. Co., No. 00CV1808, 2001 U.S. Dist. LEXIS 14400, at *2 (D. Conn. May 14, 2001) (granting contractor's motion for permissive intervention in action between subcontractor and insurance company).

## II. This Action Should Be Stayed Pending Resolution of These Issues.

This action should be stayed so that no additional filings are made by any of the parties to this action and none of the motions that are before the Court are decided until such time as the Court rules on LeBoeuf's motion to intervene, determines whether LeBoeuf or the Ungars' counsel represents the PIF in this action, and determines whether the pleadings filed by the Ungars' counsel on behalf of the PIF on October 25, 2006 are valid.[3] See Lasala v. Needham & Co., Inc., 399 F.Supp. 2d 421, 427-28 (S.D.N.Y. 2005) (granting stay, explaining that the "power to stay proceedings is incidental to the inherent power in every court to control the disposition of the causes on its own docket . . . . It follows that the decision whether to issue stay is 'firmly within a district court's discretion.'") (internal citations omitted); DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714, 741(S.D.N.Y. 2003) (granting defendant's motion to stay and noting that "the Court may exercise discretion attendant to its power to manage its docket effectively, so as to stay this action").

[3] LeBoeuf respectfully requests the opportunity to submit briefs on these issues and to file an amended version of the proposed pleading that it is submitting herewith pursuant to Fed. R. Civ. P. 24(c).

**CONCLUSION**

For the reasons set forth above, LeBoeuf respectfully requests that the Court issue an Order granting LeBoeuf's Motion to Intervene and staying this action pending a determination of who is entitled to represent the interests of the PIF in this action and awarding LeBoeuf such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: Hartford, CT
October 27, 2006

PROPOSED INTERVENOR, LEBOEUF, LAMB, GREENE & MACRAE LLP

By:

Thomas G. Rohback (CT-01096)
Gail L. Gottehrer (CT-19346)
LEBOEUF, LAMB, GREENE & MACRAE LLP
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Fax: (860) 293-3730
E-mail: trohback@llgm.com
E-mail: glgotteh@llgm.com

Counsel for Proposed Intervenor LeBoeuf, Lamb, Greene & MacRae LLP