# EXHIBIT 14

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**PLAINTIFFS' MOTION TO MODIFY STIPULATION AND CONFIDENTIALITY ORDER**

For the reasons set forth in the accompanying Memorandum, plaintiffs respectfully move for an Order

(1) Modifying the confidentiality stipulation between plaintiffs and Canaan Equity Offshore and its affiliates (collectively "Canaan") dated May 13, 2005, so as to exclude from the provisions thereof any documents generated by the Palestine Investment Fund ("PIF") and any documents to which the PIF is a party or signatory (collectively: "PIF Documents");

(2) Modifying the sealing order entered by the Court on July 15, 2005, so as to exclude the PIF Documents from the provisions thereof; and

(3) Granting such further relief as the Court finds just, appropriate or necessary.

Plaintiffs, by their Attorneys,

/S/

David J. Strachman #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 8th day of November, 2006, I served via e-mail, mail and ECF, a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
lwschilling@earthlink.net

Deming E. Sherman
Edwards, Angell, Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903
dsherman@eapdlaw.com

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
274-7200
joswald@apslaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**[PROPOSED] ORDER**

For the reasons set forth in Plaintiffs' Motion to Modify Stipulation and Confidentiality Order and the accompanying Memorandum, it is hereby

ORDERED, that the confidentiality stipulation between plaintiffs and Canaan Equity Offshore and its affiliates (collectively "Canaan") dated May 13, 2005, is hereby modified such that any documents generated by the Palestine Investment Fund ("PIF") and any documents to which the PIF is a party or signatory (collectively: "PIF Documents") are excluded from the provisions of that stipulation; and it is further

ORDERED that the sealing order entered by the Court on July 15, 2005, is hereby modified such that PIF Documents are excluded from the provisions of that order.

**SO ORDERED**

Date:

______________________________
Senior United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**TO MODIFY STIPULATION AND CONFIDENTIALITY ORDER**

**Relevant Background**

On September 19, 2006, this Court entered a final judgment assigning to the plaintiffs – judgment creditors herein ("Ungars") all ownership rights of defendant – judgment debtor Palestinian Authority ("PA) in a corporation known as The Palestine Investment Fund ("PIF"). Exhibit A.

The PIF was established as a holding company for assets of the PA. The Ungars sought ownership of the PIF in order to take control of PIF's corporate apparatus, and thereby reach assets of the PA held by the PIF (which are scattered around the world) in satisfaction of their judgment against the PA.

Accordingly, acting in their capacity as owners of the PIF, the Ungars dismissed the PIF board of directors and appointed a new board. Exhibit B. The new PIF board of directors then removed the PIF management and appointed two new officers. Exhibit C.

Unfortunately, but unsurprisingly, the former managers of the PIF (who are officers or allies of the PA and PLO), are not cooperating with the Ungars in any manner, and are withholding from the Ungars the PIF's corporate records and documents.

Without the PIF's corporate records and documents, the Ungars' efforts to locate and reach the PA assets held by the PIF are, and will continue to be, severely hampered.

The Ungars do hold several hundred pages of PIF records and documents, which they received pursuant to subpoenas served by the Ungars on various third parties with which the PIF has done business. Most of the PIF documents and records in the Ungars' possession were received from Canaan Equity Offshore and its affiliates (collectively hereinafter: "Canaan"), pursuant to a subpoena issued from this Court last year.

However, the PIF documents and records received from Canaan are subject to a confidentiality stipulation, which restricts the use the Ungars may make of these documents and records. Exhibit D.

Furthermore, some of the PIF documents and records received from Canaan were also attached as exhibits to a motion filed by Canaan in this Court, and are therefore subject to an sealing order entered by the Court on July 15, 2005. Exhibit E.

**ARGUMENT**

Plaintiffs seek to remove restrictions on copies of documents that were generated by the PIF (e.g. internal PIF documents) and documents to which the PIF itself is a party (e.g. correspondence sent or received by the PIF and agreements signed by the PIF).

Clearly, since the PIF has the originals or its own copies of all such documents, Canaan has no right to restrict use of these documents by the Ungars if the PIF itself authorizes the Ungars to make unrestricted use thereof.

Counsel for the PIF has notified counsel for the Ungars that the PIF agrees that the Ungars may use these documents without restriction. Exhibit F.

Thus, since the PIF itself has authorized the Ungars to make unrestricted use of these PIF documents, Canaan has no grounds to oppose such use, and the stipulation and sealing order should be modified accordingly.

The First Circuit has emphasized that:

> Stipulations between parties are not "absolute," and a party may be relieved of a stipulation for good cause – which means, in a nutshell, that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice.

American Honda Motor Co., Inc. v. Richard Lundgren, Inc., 314 F.3d 17 (1st Cir. 2002) (quoting T I Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995)).

The Ungars' legitimate need to make free use of the PIF records and documents in their possession surely constitutes "good cause" to modify the stipulation. The purpose of the modification – facilitating enforcement of the judgment entered by this Court – serves only to advance, not prejudice, "the interests of justice". Nor can the modification sought prejudice Canaan in any way.

The Court's sealing order of July 15, 2005, should be modified for the same reasons.

WHEREFORE, the instant motion should be granted.

A proposed Order is attached hereto.

Plaintiffs, by their Attorneys,

/S/

---

David J. Strachman #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 8th day of November, 2006, I served via e-mail, mail and ECF, a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
lwschilling@earthlink.net

Deming E. Sherman
Edwards, Angell, Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903
dsherman@eapdlaw.com

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
274-7200
joswald@apslaw.com

---