# EXHIBIT 16

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

The Estates of YARON UNGAR and EFRAT UNGAR by and through the Administrator of their estates David Strachman, DVIR UNGAR, minor, by his guardians and next friend, YISHAI UNGAR, minor, by his guardians and next friend, PROFESSOR MEYER UNGAR, JUDITH UNGAR, RABBI URI DASBERG, JUDITH DASBERG, (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN

PLAINTIFFS,

vs. 00-105L

THE PALESTINIAN AUTHORITY (A.K.A. "THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY"), THE PALESTINE LIBERATION ORGANIZATION, HAMAS -- ISLAMIC RESISTANCE MOVEMENT (A.K.A. "HARAKAT AL-MUQAWAMA AL-ISLAMIYYA"), ABDEL RAHMAN ISMAIL ABDEL RAHMAN GHANIMAT, JAMAL ABDEL FATAH TZABICH AL HOR, RAED FAKHRI ABU HAMDIYA, IBRAHIM GHANIMAT and IMAN MAHMUD HASSAN FUAD KAFISHE

DEFENDANTS

**AMENDED COMPLAINT**

41

## INTRODUCTION

1. This action is brought pursuant to federal counterterrorism statutes by the estates, survivors and heirs of Yaron Ungar, a United States citizen, and Efrat Ungar, who were murdered by machine-gun fire on June 9, 1996 near Beit Shemesh, Israel, for damages caused by defendants to plaintiffs by reason of acts of international terrorism, as defined in 18 U.S.C. §2331, and by reason of related tortious behavior.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter and over defendants pursuant to 18 U.S.C. §2333 and §2334 and the rules of supplemental jurisdiction.

3. The district for Rhode Island is the proper venue pursuant to 18 U.S.C. §2334(a) since this action is brought by and in the name of the administrator of the estates of Yaron and Efrat Ungar, who is domiciled in this District.

## THE PARTIES

4. The Estate of Yaron Ungar and the Estate of Efrat Ungar are represented in this action by a court-appointed administrator, attorney David Strachman, a resident and domiciliary of the State of Rhode Island.

5. Plaintiffs DVIR UNGAR and YISHAI UNGAR at all times relevant hereto are and were the minor children and heirs-at-law of Yaron Ungar and Efrat Ungar.

6. Plaintiffs PROFESSOR MEYER UNGAR and JUDITH UNGAR at all times relevant hereto are and were the parents of Yaron Ungar, and the legal guardians of plaintiffs

DVIR and YISHAI UNGAR, and bring this action both as legal guardians of plaintiffs DVIR and YISHAI UNGAR and in their individual capacity.

7. Plaintiffs RABBI URI DASBERG and JUDITH DASBERG at all times relevant hereto are and were the parents of Efrat Ungar, and the legal guardians of plaintiffs DVIR and YISHAI UNGAR, and bring this action both as legal guardians of plaintiffs DVIR and YISHAI UNGAR and in their individual capacity.

8. Plaintiffs AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN at all times relevant hereto are and were siblings of Yaron Ungar.

9. Defendant THE PALESTINIAN AUTHORITY, also known as THE PALESTINIAN INTERIM SELF- GOVERNMENT AUTHORITY, (hereinafter "PA") is and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3), established by and existing under and by virtue of international instruments, customary international law and local law, in *de jure* and *de facto* control of territories in the Gaza Strip and in the West Bank.

10. Defendant THE PALESTINE LIBERATION ORGANIZATION (hereinafter "PLO") is, and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3), in *de jure* and *de facto* control of defendant PA, by virtue of being party to and beneficiary of the international instruments by which defendant PA was established.

11. Defendant HAMAS -- ISLAMIC RESISTANCE MOVEMENT, also known as "HARAKAT AL-MUQAWAMA AL-ISLAMIYYA", (hereinafter HAMAS), is a legal person as defined in 18 U.S.C. §2331(3), which is based in and operates from territories controlled by defendants PA and PLO, and which is dedicated to murdering Israeli and Jewish individuals through bombings, shootings and other violent means.

12. Defendants ABDEL RAHMAN ISMAIL ABDEL RAHMAN GHANIMAT (hereinafter RAHMAN GHANIMAT), JAMAL ABDEL FATAH TZABICH AL HOR (hereinafter HOR), RAED FAKHRI ABU HAMDIYA (hereinafter ABU HAMDIYA), IBRAHIM GHANIMAT and IMAN MAHMUD HASSAN FUAD KAFISHE (hereinafter KAFISHE) are and at all times relevant hereto were, members, operatives and trained agents of defendant HAMAS.

## STATEMENT OF FACTS

13. At all times relevant hereto, defendants PA and PLO were in *de jure* and *de facto* control of territories in the Gaza Strip and the West Bank.

14. At all times relevant hereto, defendant HAMAS and its operatives and agents maintained and operated a leadership command, organizational hierarchy and operational infrastructure including, *inter alia*, training facilities and depots for storage of weapons and explosives in territories controlled by defendants PA and PLO.

15. At all times relevant hereto defendants RAHMAN GHANIMAT, HOR, ABU HAMDIYA, IBRAHIM GHANIMAT, and KAFISHE were members of defendant HAMAS, and were collectively organized as a cell for the purpose of carrying out terrorist activities (hereinafter "the terrorist cell").

16. The terrorist cell was subordinate to, and received instructions, weapons, money and material support from, commanders and leaders of defendant HAMAS who operated from territories controlled by defendants PA and PLO.

17. At an unknown date or dates prior to June 9, 1996, defendants HAMAS, RAHMAN GHANIMAT, HOR, ABU HAMDIYA, IBRAHIM GHANIMAT, and KAFISHE

conspired, planned and made preparations to carry out a machine-gun attack on a random Israeli vehicle.

18. On June 9, 1996, near Beit Shemesh in the State of Israel, defendants RAHMAN GHANIMAT and HOR, acting on behalf and as agents of defendant HAMAS and without provocation, opened fire from a moving vehicle with two Kalashnikov machine guns on a passenger car in which Yaron Ungar, Efrat Ungar and plaintiff YISHAI UNGAR were traveling (hereinafter: "the shooting attack"). Defendant ABU HAMDIYA drove the vehicle from which the shooting attack was carried out, on behalf of and as an agent of defendant HAMAS.

19. Yaron Ungar and Efrat Ungar were struck and killed by bullets fired by defendants RAHMAN GHANIMAT and HOR in the shooting attack.

20. On May 3, 1998, an Israeli court convicted defendant ABU HAMDIYA of membership in defendant HAMAS and of abetting the shooting murders of Yaron Ungar and Efrat Ungar. On October 21, 1998, an Israeli court convicted defendants RAHMAN GHANIMAT and HOR of membership in defendant HAMAS and of the shooting murders of Yaron Ungar and Efrat Ungar. On November 3, 1998, an Israeli court convicted defendant KAFISHE of membership in defendant HAMAS and of being an accessory to the shooting murders of Yaron Ungar and Efrat Ungar.

21. Defendants' convictions estop them from denying the essential allegations of this complaint, pursuant to 18 U.S.C. §2333(c).

22. Defendant IBRAHIM GHANIMAT is currently at large in the territory controlled by defendant P.A. An Israeli court has issued a warrant for his arrest on charges relating to the murder of Yaron and Efrat Ungar. On September 17, 1997, the Israeli Justice Ministry submitted

to defendant PA a request for his arrest and extradition to Israel. Defendant PA has refused to honor this request, and continues to shelter defendant IBRAHIM GHANIMAT.

23. Defendants PA and PLO are authorized and responsible, under international instruments, customary international law and local law applying in the West Bank and Gaza, to exercise law enforcement powers and to maintain public order and security in the territories under their control.

24. At all times relevant hereto, defendants PA and PLO, by and through their officials, employees and agents, operated, maintained, managed, supervised, and controlled various police forces, militias, paramilitary forces, intelligence services, law-enforcement personnel, jails and penal institutions, in the territories under their control.

25. During the period relevant hereto defendant HAMAS, operating from territories controlled by defendants PA and PLO, advocated, encouraged, solicited, facilitated, incited for, sponsored, organized, planned and executed acts of violence and terrorism against civilians in Israel, Gaza and the West Bank. During the period relevant hereto defendant HAMAS carried out scores of terrorist attacks, murdering hundreds of civilians and injuring hundreds more.

26. Among the hundreds of civilians murdered and wounded by HAMAS terrorist attacks during the period relevant hereto were over a dozen United States citizens. Prior to the murder of American citizen Yaron Ungar, defendant HAMAS, operating from territories controlled by defendants PA and PLO, murdered the following American citizens: Nachshon Wachsman (October 14, 1994), Joan Davenny (August 21, 1995), Sara Duker, Matthew Eisenfeld, Ira Weinstein (all on February 25 1996), Yitzchak Weinstock (December 2, 1993) and David Boim (May 13, 1996).

27. During the period relevant hereto the government of the United States, the Congress of the United States, and the government of the State of Israel repeatedly demanded from defendants PA and PLO that they take effective measures to prevent further terrorist attacks by defendant HAMAS, including: criminalizing the existence of and membership in HAMAS; the apprehension, prosecution and imprisonment of HAMAS' leadership and members; the closure of HAMAS' offices and facilities; the seizure of HAMAS' property and resources including funds, weapons and explosives, and; prosecuting HAMAS' incitement to violence and terrorism.

28. Defendants PA and PLO refused and/or ignored American and Israeli demands to take effective measures to prevent further terrorist attacks by defendant HAMAS.

29. On the contrary, at all times relevant hereto, defendants PA and PLO, by and through their officials, employees and agents acting within the scope and course of their employment and agency, pursuant to the authorization and instructions of defendants PA and PLO and in furtherance of the goals and purposes of defendants PA and PLO, provided defendant HAMAS with safe haven and a base of operations, by permitting and/or encouraging defendant HAMAS to operate freely and conduct activities in the territory under their control or in which they maintained a police presence, and to advocate, encourage, solicit, facilitate, incite for, sponsor, organize, plan and execute acts of violence and terrorism against Jewish civilians in Israel, Gaza and the West Bank.

30. Moreover, during the period relevant hereto, the State of Israel submitted to defendant PA dozens of requests to surrender for prosecution members of defendant HAMAS suspected of or charged with terrorist murders, including individuals suspected of murdering United States citizens.

31. Defendants PA and PLO have consistently refused these requests for the surrender of terrorist suspects, and at all times relevant hereto, provided shelter and safe haven to dozens of members of defendant HAMAS and other terrorist groups suspected of or charged with terrorist murders, including the murders of American citizens.

32. Moreover, during the period relevant hereto, several members of defendant HAMAS and other terrorist groups suspected of or charged with terrorist murders, including murders of U.S. citizens, whose surrender was requested by Israel, were provided salaries and employment by defendant PA as policemen and/or security officials in the various police, security and intelligence forces under the control of defendant PA.

33. In addition, defendants PA and PLO, at all times relevant hereto, by and through their officials, employees and agents acting within the scope and course of their employment and agency, pursuant to the prior authorization and instructions of defendants PA and PLO and in furtherance of the goals and purposes of defendants PA and PLO, granted material and financial support to the families of members of defendant HAMAS who had been captured or killed while carrying out acts of terrorist violence against Jewish civilians in Israel, Gaza and the West Bank, thereby providing defendant HAMAS and its members with strong financial incentive to continue to carry out violence and terrorism against such victims.

34. At all times relevant hereto defendants PA and PLO and their officials, employees and agents knew that defendant HAMAS had committed hundreds of serious offenses against the United States, including the murder of U.S. citizens Nachshon Wachsman, Joan Davenny, Sara Duker, Matthew Eisenfeld, Ira Weinstein, Yitzchak Weinstock, and David Boim, and that defendant HAMAS planned to continue committing such offenses, yet defendants PA and PLO openly and consistently sheltered and received, relieved, comforted and assisted defendant

HAMAS and its operatives and agents, within the meaning of 18 U.S.C. § 3, in order to hinder and prevent their apprehension, trial and punishment.

35. At all times relevant hereto defendants PA and PLO and their officials, employees and agents knew that defendant HAMAS had committed hundreds of serious offenses against the United States, including the murder of the aforementioned U.S. citizens, and that defendant HAMAS planned to continue committing such offenses, yet defendants PA and PLO openly and consistently provided defendant HAMAS and its members with safe haven, a base of operations, shelter, financial support and other material support and resources within the meaning of 18 U.S.C. § 2339A.

36. Additionally, defendants PA and PLO and their officials, employees and agents solicited and advised defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT to commit the acts attributed to those defendants herein, and aided, abetted, authorized, ratified and participated in those acts.

37. The acts and omissions of defendants PA and PLO described herein were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the authorization and ratification, and pursuant to the instructions. of defendants PA and PLO, and in furtherance of the goals and purposes of defendants PA and PLO.

**FIRST CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFFS THE ESTATE OF YARON UNGAR, DVIR UNGAR, YISHAI UNGAR, MEYER UNGAR, JUDITH UNGAR, AMICHAI UNGAR, DAFNA UNGAR AND MICHAL COHEN**
**INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. §2333**