38. The preceding paragraphs are incorporated by reference as though fully set forth herein.

39. Defendants' acts constitute a violation of the criminal laws of the United States and of the several States, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several states.

40. The acts of defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT constitute, *inter alia*, without limitation, violations of 18 U.S.C. § 2332 (homicide of a U.S. national outside the United States).

41. The acts of defendants PA and PLO, if committed within the jurisdiction of the United States, would constitute, *inter alia*, without limitation, violations of 18 U.S.C. § 3 ("Accessory After the Fact") and of 18 U.S.C. § 2339A ("Providing Material Support to Terrorists").

42. The acts of defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT "appear to be intended to intimidate or coerce a civilian population," and "to influence the policy of a government by intimidation or coercion," within the meaning of 18 U.S.C. § 2331, in light of the openly declared goals and purposes of defendant HAMAS and in light of admissions several of these defendants made at their trials.

43. The acts of defendants PA and PLO "appear to be intended to intimidate or coerce a civilian population", and "to influence the policy of a government by intimidation or coercion," within the meaning of 18 U.S.C. §2331, because at all times relevant hereto, these defendants, themselves and through their respective representatives, spokesmen and organs: repeatedly praised and lauded defendant HAMAS and HAMAS operatives who had engaged in acts of terrorism and

violence against Jewish civilians and Israeli targets; praised, advocated, encouraged, solicited and incited for such terrorist acts; and threatened the further occurrence of such terrorist acts.

44. Defendants' acts were dangerous to human life, by their nature and as evidenced by their consequences.

45. Defendants' acts occurred outside the territorial jurisdiction of the United States.

46. Defendants' action constitute acts of international terrorism as defined in 18 U.S.C. §§2331 and 2333. Defendants' behavior also constitutes aiding and abetting acts of international terrorism.

47. By reason and as a result of the acts of international terrorism and the aiding and abetting of acts of international terrorism committed by defendants, Yaron Ungar was killed, thereby causing the decedent and plaintiffs Dvir Ungar, Yishai Ungar, Meyer Ungar, Judith Ungar, Amichai Ungar, Dafna Ungar and Michal Cohen severe injury, including: pain and suffering; loss of pecuniary support; loss of income; loss of consortium; emotional distress; loss of parental society and companionship and loss of solatium.

48. For the reasons stated above, defendants are jointly and severally liable to plaintiffs the Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Meyer Ungar, Judith Ungar, Amichai Ungar, Dafna Ungar and Michal Cohen.

**SECOND CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS**
**PURSUANT TO THE ISRAELI CIVIL WRONGS ORDINANCE §35**
**NEGLIGENCE**

49. The preceding paragraphs are incorporated by reference as though fully set forth herein.

50. In a Decision and Order given on July 24, 2001, this Court ruled that plaintiffs' supplemental causes of action be brought under and governed by Israeli law.

51. Causes of action in tort in Israeli law are codified in the Civil Wrongs Ordinance (New Version) - 1968, (hereinafter "CWO"). The CWO provides that any person injured or harmed by the civil wrongs enumerated in the CWO is entitled to relief from the person liable or responsible for the wrong.

52. CWO §12 provides that a person who participates in, assists, advises or solicits an act or omission, committed or about to be committed by another person, or who orders, authorizes, or ratifies such an act or omission, is liable for such act or omission.

53. CWO §13 provides that an employer is liable for an act or omission committed by his employee, if the employer authorized or ratified the act or omission, or if the employee committed the act or omission in the course of his employment.

54. CWO §14 provides that a person who employs an agent for the performance of an act or a category of acts is liable for everything the agent does in the performance of that act or category of acts, and for the manner in which the agent performs them.

55. CWO §35 creates a "civil wrong" of Negligence.

56. CWO §35 provides that a person is liable for the "civil wrong" of Negligence when he commits an act which a reasonable and prudent person would not have committed under the same circumstances; or refrains from committing an act which a reasonable and prudent person would have committed under the same circumstances; or, in the performance of his occupation, does not use the skill or exercise the degree of caution which a reasonable person qualified to act in that occupation would have used or exercised under the same circumstances, and thereby causes

damage to another person toward whom, under those circumstances he is obligated not to act as he did.

57. CWO §36 provides that the obligation stated § 35 is toward all persons, to the extent that a reasonable person would have under the same circumstances foreseen that, in the ordinary course of events, they were liable to be injured by the act or omission.

58. Defendants PA and PLO and their officials, employees and agents acting within the scope and course of their employment and agency and with authorization committed acts which a reasonable and prudent person would not have committed under the same circumstances, and refrained from committing acts which a reasonable and prudent person would have committed under the same circumstances, within the meaning of the CWO.

59. Defendants PA and PLO and their officials, employees and agents acting within the scope and course of their employment and agency and with authorization and ratification did not, in the performance of their occupations, use the skill or exercise the degree of caution which a reasonable person qualified to act in those occupations would have used or exercised under the same circumstances, within the meaning of the CWO.

60. Defendants' acted negligently in connection with Yaron and Efrat Ungar and the plaintiffs, toward whom, in the circumstances described herein, defendants had an obligation not to act as they did. Defendants were obligated not to act as they did because a reasonable person would, under the same circumstances, have foreseen that, in the ordinary course of events, the decedents and plaintiffs were liable to be injured by defendants' acts and omissions described herein.

61. Defendants' behavior constitutes Negligence under the CWO, and defendants' negligent behavior caused the death of Yaron Ungar and Efrat Ungar, thereby causing the

decedents and the plaintiffs severe injury and damage, including: death; pain and suffering; loss of pecuniary support; loss of income; loss of consortium; emotional distress; loss of parental society and companionship and loss of solatium.

62. Defendants committed and are responsible for the civil wrong of Negligence under the CWO, and are therefore jointly and severally liable to the decedents and the plaintiffs for their damages and injuries resulting therefrom.

63. Defendants PA and PLO and their officials, employees and agents solicited and advised defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT to commit the acts attributed to those defendants herein, and aided, abetted, authorized, ratified and participated in those acts, and all defendants are therefore jointly and severally liable for those acts pursuant to the CWO.

64. The negligent acts and omissions of defendants PA and PLO described herein were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the authorization and ratification and pursuant to the instructions of defendants PA and PLO, and in furtherance of the goals and purposes of defendants PA and PLO. Defendants PA and PLO are therefore vicariously liable under the CWO for the negligent acts and omissions of their officials, employees and agents.

**THIRD CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS**
**PURSUANT TO THE ISRAELI CIVIL WRONGS ORDINANCE §63**
**BREACH OF STATUTORY OBLIGATION**

65. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

66. CWO §63creates a "civil wrong" of Breach of Statutory Obligation defined as the failure to comply with an obligation imposed under any enactment, if the enactment is intended for the benefit or protection of another person, and if the breach caused that person damage of the kind or nature of damage intended by the enactment.

67. CWO §63(b) provides that for the purpose of CWO §63, an enactment is deemed to have been enacted for the benefit or protection of a specific person, if intended for the benefit or protection of that person, or for the benefit or protection of persons in general, or of persons of a category or definition to which that specific person belongs.

68. Defendants breached and failed to comply with obligations imposed upon them by numerous enactments, which were intended for the benefit and protection of persons in general, and for the benefit and protection of persons of the type, category and definition to which decedents and plaintiffs belong, within the meaning of the CWO.

69. The statutory obligations breached by defendants include, without limitation, the provisions of the following enactments:

a. The Penal Code - 1977: §300 (murder); §99 (aiding a terrorist organization); §498 (provision of means for commission of a felony); §499 (criminal conspiracy); §30 (solicitation of a crime); §31 (abetting a crime); §95 (non-prevention of national security offense); §262 (non-prevention of a felony).

b. The Terrorism Prevention Ordinance - 1948: §2 (activity in a terrorist organization); §3 (membership in a terrorist organization); §4 (provision of support to a terrorist organization).

c. The Defense Regulations (Emergency) - 1945: Reg. 58 (use of firearms against a person); Reg. 64 (provision of shelter or resources to national security offender);

Reg. 66 (abetting); Reg. 85 (membership in or provision of assistance to an illegal organization).

d. The Agreement on the Gaza Strip and the Jericho Area of May 4, 1994 (which was enacted into local law): Article IX(2) (duty to prevent operation of irregular armed forces in PA areas); Article IX(3) (duty to prohibit possession of weapons and explosives in PA areas); Article XVIII (duty to prevent acts of terrorism); Annex III Article II (duty to surrender suspects).

e. Interim Agreement on the West Bank and the Gaza Strip of September 28, 1995 (which was enacted into local law): Article XIV(3) (duty to prevent operation of irregular armed forces in PA areas); Article XIV(4) (duty to prevent possession of weapons and explosives in PA areas); Article XV (duty to prevent acts of terrorism); Annex I Article II (duty to act against terrorism, confiscate arms, arrest and prosecute terrorists) Annex IV Article II (duty to surrender suspects).

70. Defendants' breach of their statutory obligations caused the deaths of Yaron and Efrat Ungar, and caused plaintiffs damage of the kind and nature intended to be prevented by the statutory enactments which were breached by defendants, including: death; pain and suffering; loss of income; loss of pecuniary support; loss of consortium; emotional distress; loss of parental society and companionship and loss of solatium.

71. Defendants committed the "civil wrong" of Breach of Statutory Obligation CWO §63, and are therefore jointly and severally liable to the decedents and the plaintiffs for their damages and injuries resulting therefrom.

72. Additionally, defendants PA and PLO and their officials, employees and agents solicited and advised defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU

HAMDIYA and IBRAHIM GHANIMAT to commit the breaches of statutory obligations attributed to those defendants herein, and aided, abetted, authorized, ratified and participated in those breaches, and all defendants are therefore jointly and severally liable for those acts pursuant to the CWO.

73. PA and PLO breaches of statutory obligations were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the authorization and ratification and pursuant to PA and PLO instructions, and in furtherance of their goals and purposes. PA and PLO are therefore vicariously liable under the CWO for the breaches of statutory obligations committed by their officials, employees and agents.

**FOURTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS**
**PURSUANT TO THE ISRAELI CIVIL WRONGS ORDINANCE §23**
**ASSAULT**

74. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

75. CWO §23 creates a "civil wrong" of Assult defined as the intentional use of any kind of force, directly or indirectly, against a person's body, in any manner, without that person's consent; or an attempt or threat, by act or gesture, to use force against a person's body, when the person making the attempt or threat can be reasonably assumed to be have the intent and ability to carry out the attempt or threat.

76. Defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT intentionally used force against Yaron and Efrat Ungar without consent.

77. Defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT attempted to use force against YISHAI UNGAR.

78. The acts of defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT constitute the civil wrong of Assault pursuant to the CWO.

79. Defendants PA and PLO and their officials, employees and agents solicited and advised defendants HAMAS, RAHMAN GHANIMAT, HOR, KAFISHA, ABU HAMDIYA and IBRAHIM GHANIMAT to commit the assault attributed to those defendants herein, and aided, abetted, authorized, ratified and participated in that assault, and all defendants are therefore jointly and severally liable for that assault pursuant to the CWO.

80. The acts and omissions of defendants PA and PLO described herein were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the express authorization and ratification and pursuant to the instructions of defendants PA and PLO, and in furtherance of the goals and purposes of defendants PA and PLO. Defendants PA and PLO are therefore vicariously liable under the CWO for the acts and omissions of their officials, employees and agents.

81. The assault for which defendants are liable caused the death of Yaron and Efrat Ungar, and caused decedents and plaintiffs severe harm and damage, including: death; pain and suffering; loss of income; loss of pecuniary support; loss of consortium; emotional distress; loss of parental society and companionship and loss of solatium.

82. Defendants are therefore jointly and severally liable to the decedents and the plaintiffs for their damages and injuries resulting from the assault.

WHEREFORE, Plaintiffs request judgment against the Defendants jointly and severally, for each of the above causes of action, for compensatory damages, costs and attorneys' fees in the amount of $250,000,000 and punitive damages, and such other relief as the Court finds just and equitable.

Plaintiffs demand trial by jury.

Plaintiffs by their Attorneys,
McIntyre, Tate, Lynch & Holt

David J. Strachman Bar #4404
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700

I herbey certify that on August 13 2001 a copy of this Amended Complaint was mailed to Ramsey Clark and Lawrence Schilling, 36 East 12th St., New York, New York 10003 and Deming Sherman, Edwards and Angell LLP, 2800 Bank Boston Plaza, Providence, RI 02903.