# EXHIBIT A

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, PA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**BY FAX**
Nabel Sarraf
Fax: 011-970-2-297-4976
Fax: 011-970-8-288-2202

Re: **Your Removal from the Board of Directors of**
**The Palestine Investment Fund ([illegible])**

Dear Mr. Sarraf,

My clients, the new owners of the Palestine Investment Fund (hereinafter: "PIF"), I write to notify you that on October 17, 2006, you were removed from your position as a Director of the PIF, as detailed below:

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the Palestine Investment Fund to my clients, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "new owners"). A copy of that Judgment is attached.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board), effective immediately, and appointing a new Board of Directors. A copy of that Resolution is attached.

Thus, effective October 17, 2006, you were dismissed from your position on the Board of Directors of the PIF.

I would caution you in the strongest terms, in light of your close relationship with the former owner of the PIF, the Palestinian Authority, that any interference by you with the new owners' and the new directors' control and management of the PIF, and/or any attempt by you to withdraw, transfer or secrete

assets, or property, will render you personally liable under the laws of the United States for the full amount of new owners' judgment against the Palestinian Authority, which exceeds $116 million dollars, plus treble damages. *See, e.g., Wooten v. Loshbough*, 649 F.Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz*, 779 F. Supp. 392 (N.D. Tex. 1991).[1]

You are requested to immediately bring the contents of this letter, and the fact of their dismissal, to the attention of all the other former members of the Board of Directors.

Very truly yours,

Robert J. Tolchin

[1] Such conduct may also potentially subject you to criminal prosecution in the United States.

# Resolution

## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1. All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2. The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

a. Meir Weininger
b. Yehoshua Cohen
c. Professor Meir Ungar
d. Uri Dasberg
e. Amichai Ungar
f. Yochanan Hanis
g. Yosef Meir

3. The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below, this 17th day of October, 2006:

- M. Ungar
- Judith Ungar
- [signature]
Judith Dasberg
The Estate of Yaron Ungar

- M. Ungar
- Judith Ungar
- [signature]
Judith Dasberg
Dvir Ungar

- M. Ungar
- Judith Ungar
- [signature]
Judith Dasberg
Yishai Ungar

Judith Ungar — Judith Ungar

M. Ungar — Meir Ungar

Michal Cohen — Michal Cohen

Amichai Ungar — Amichai Ungar

Dafna Ungar — Dafna Ungar

# The Palestine Investment Fund Company

صندوق الاستثمار الفلسطيني

## Board of Directors

---

**Resolutions and Minutes of the Meeting of the Board of Directors of the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) Held at Khabla at 5:00 p.m. on October 19, 2006**

1. <u>Attendance, Notice and Procedure</u>:

1.1. The following Directors were present throughout the meeting:

Meir Weininger
Yehoshua Cohen
Professor Meir Ungar
Uri Dasberg
Amichai Ungar
Yochanan Harris and
Yosef Meir

being all of the members of the Board of Directors.

1.2. All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

1.3. The Directors selected Amichai Ungar to chair the meeting.

2. <u>Business Discussed</u>:

2.1. The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

2.2 The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3. The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3. Resolutions:

3.1. The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2. The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3. The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4. The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6. The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

3.8. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

| | | |
|---|---|---|
| Weininger Meir | Y. Cohen | M. Ungar |
| Meir Weininger | Yehoshua Cohen | Meir Ungar |

| | | | |
|---|---|---|---|
| אורי דסברג | Amichai Ungar | Yochanan Harris | Josef Meir |
| Uri Dasberg | Amichai Ungar | Yochanan Harris | Yosef Meir |

I hereby certify that this is a true and correct copy:

אורי דסברג
Uri Dasberg, Secretary

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

The Estates of Yaron Ungar and Efrat Ungar by and through the administrator of their estates David Strachman; Dvir Ungar, minor, by his guardians and next friend; Yishai Ungar, minor, by his guardians and next friend; Professor Meyer Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith Dasberg (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); Amichai Ungar; Dafna Ungar; and Michal Cohen,

Plaintiffs,

v.

C.A. No. 00-105L

The Palestinian Authority (a.k.a. "The Palestinian Interim Self-Government Authority"); The Palestine Liberation Organization; Hamas–Islamic Resistance Movement (a.k.a. "Harakat Al-Muqawama Al-Islamiyya"); Abdel Rahman Ismail Abdel Rahman Ghanimat; Jamal Abdel Fatah Tzabich Al Hor; Raed Fakhri Abu Hamdiya; Ibrahim Ghanimat; and Iman Mahmud Hassan Fuad Kafishe,

Defendants.

**FINAL JUDGMENT**

Final judgment for Plaintiffs, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against Defendant, the Palestinian Authority.

All of the Palestinian Authority's ownership rights in the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") that are evidenced by the certificates attached hereto to as Appendices 1 and 2, and

all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") that are evidenced by the certificate attached hereto to as Appendix 3, and

all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") and/or to the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee"),

are hereby assigned, transferred and conveyed to The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar.

Ronald R. Lagueux

Senior Judge Ronald R. Lagueux
United States District Court
September ~~15~~ 19, 2006

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, PA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**URGENT**

**BY FAX**
Dr. Mohammad Mustafa
Ramallah, West Bank

Fax: 011-970-2-297-4976
011-970-8-288-2202

Re: **Your Removal As a Director and As General Manager of The Palestine Investment Fund ([illegible])**

Dear Dr. Mustafa,

On behalf of my clients, the Palestine Investment Fund (hereinafter: "PIF"), I write to notify you that you have been removed from both your positions as a Director of the PIF and as the General Manager of the PIF as detailed below:

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the Palestine Investment Fund to my clients, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter, the "new owners"). A copy of that Judgment is attached.

Thus, the Palestinian Authority no longer owns the PIF.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board), effective immediately, and appointing a new Board of Directors. A copy of that Resolution is attached.

Thus, effective October 17, 2006, you were dismissed from your position on the Board of Directors of the PIF.

On October 19, 2006, the new Board of Directors of the PIF issued a Resolution dismissing all officers, employees and agents of the PIF, and appointing Messrs. Uri Dasberg and Meir Ungar as the sole officers and signatories of the PIF. A copy of that Resolution is attached.

Thus, effective October 19, 2006, you were dismissed from your position as the General Manager of the PIF (and from any other position you held with PIF), as were all the other officers, employees and agents of the PIF.

This means, inter alia, that no one (except the new officers, Messrs. Dasberg and Ungar) is authorized to act on behalf or in the name of the PIF.

I would hereby caution you in the strongest terms, in light of your close relationship with the former owner of the PIF, the Palestinian Authority, that any interference by you with the control and management of the PIF by the new owners, new directors, and new officers of the PIF, and/or any attempt by you to withdraw, transfer or secrete assets, or property, will render you personally liable under the laws of the United States for the full amount of new owners' judgment against the Palestinian Authority, which exceeds $116 million dollars, plus treble damages. *See, e.g.*, *Wooten v. Loshbough*, 649 F. Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz*, 779 F. Supp. 392 (N.D. Tex. 1991).[1]

You are requested to immediately bring the contents of this letter, and the fact of their dismissal, to the attention of all the other former members of the Board of Directors, and to all the other former officers, employees and agents of the PIF.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Robert J. Tolchin

---

[1] Such conduct may also potentially subject you to criminal prosecution in the United States.

LAW OFFICE OF

JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, PA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**BY FAX AND MAIL**
Samir Abu Asha
Fax: 011-970-2-297-4976
Fax: 011-970-8-288-2202

Re: Your Removal From the Board of Directors of the Palestine Investment Fund ([illegible]) . . . .

Dear Mr. Abu Asha,

On behalf of my clients, the new owners of the Palestine Investment Fund (hereinafter: "PIF"), I write to notify you that on October 17, 2006, you were removed from your position as a Director of the PIF, as detailed below:

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the Palestine Investment Fund to my clients, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "new owners"). A copy of that Judgment is attached.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board), effective immediately, and appointing a new Board of Directors. A copy of that Resolution is attached.

Thus, effective October 17, 2006, you were dismissed from your position on the Board of Directors of the PIF.

I would caution you in the strongest terms, in light of your close relationship with the former owner of the PIF, the Palestinian Authority, that any interference by you with the new owners' and the new directors' control and management of the PIF, and/or any attempt by you to withdraw, transfer or secrete assets, or property, will render you <u>personally liable under the laws of the United States</u>

for the full amount of new owners' judgment against the Palestinian Authority, which exceeds $116 million dollars, plus treble damages. *See, e.g., Wooten v. Loshbough*, 649 F.Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz*, 779 F. Supp. 392 (N.D. Tex. 1991).[1]

You are requested to immediately bring the contents of this letter, and the fact of their dismissal, to the attention of all the other former members of the Board of Directors.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Robert J. Tolchin

---

[1] Such conduct may also potentially subject you to criminal prosecution in the United States.

LAW OFFICE OF

JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, FA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**BY FAX**
Mohammad Abu Ramadan
Fax: 011-970-2-297-4976
Fax: 011-970-8-288-2202

Re: Your Removal From the Board of Directors of the Palestine Investment Fund ([illegible]) . . . .

Dear Mr. Abu Ramadan,

On behalf of my clients, the new owners of the Palestine Investment Fund (hereinafter: "PIF"), I write to notify you that on October 17, 2006, you were removed from your position as a Director of the PIF, as detailed below:

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the Palestine Investment Fund to my clients, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "new owners"). A copy of that Judgment is attached.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board), effective immediately, and appointing a new Board of Directors. A copy of that Resolution is attached.

Thus, effective October 17, 2006, you were dismissed from your position on the Board of Directors of the PIF.

I would caution you in the strongest terms, in light of your close relationship with the former owner of the PIF, the Palestinian Authority, that any interference by you with the new owners' and the new directors' control and management of the PIF, and/or any attempt by you to withdraw, transfer or secrete assets, or property, will render you personally liable under the laws of the United States

for the full amount of new owners' judgment against the Palestinian Authority, which exceeds $116 million dollars, plus treble damages. *See, e.g., Wooten v. Loshbough*, 649 F.Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz*, 779 F. Supp. 392 (N.D. Tex. 1991).[1]

You are requested to immediately bring the contents of this letter, and the fact of their dismissal, to the attention of all the other former members of the Board of Directors.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Robert J. Tolchin

---

[1] Such conduct may also potentially subject you to criminal prosecution in the United States.