# EXHIBIT B

ما بعـــد

طلب رقم ٢٠٠٦/٢١٧
محكمة بداية رام الله

جلسة ٢٠٠٦/١١/٧
الهيئة الحاكمة القاضي رسلان عرفات
حضر وكيل الجهة المستدعية الاستاذ علي السفاريني
لم يحضر أي من المستدعى ضدهم : ١- مئير وينجر.
٢- يهوشوا كوهين .
٣- البرفوسور مئير انجر .
٤- اوري دازبرغ .
٥- اميخاي انجر .
٦- يوخنان هارس .
٧- يوسف مئير .

قـــرار

بالتدقيق اجد من البينات المقدمة في هذا الطلب المقدم على صفة الاستعجال والتي هي عبارة عن شهادة الشاهد المحامي راسم محمد سعيد راسم كمال بالاضافة الى البينات الخطية المبرزة من ط/١ الى ط/٦ ان هناك ضرر محتمل يخشى حدوثه من فوات الوقت في حال قيام المحكمة بتبليغ الجهة المستدعى ضدها نسخا عن لائحة الطلب واشعار بالحضور وعليه وعملا بنص المادة ١٠٢ من قانون اصول المحاكمات المدنية والتجارية رقم ٢ لسنة ٢٠٠١ اقرر رؤية هذا الطلب على صفة الاستعجال وبحصور فريق واحد وهو الجهة المستدعية لتوفر صفة الاستعجال حيث ان هناك ضرر محتمل يخشى حددوثه من فوات الوقت في حال قيام المحكمة تبليغ الجهة المستدعية اشعارا بالحضور لهذه المحكمة وافهم في ٢٠٠٦/١١/٧

القاضي

وكيل الجهة المستدعية قال : التمس من المحكمة الكريمة اعتماد البينات المقدمة في هذا الطلب على صفة الاستعجال بينة للجهة المستدعية حول الطلب .

قـــرار

اقرر اجابة الطلب واعتماد البينات المقدمة في هذا الطلب على صفة الاستعجال والتي هي عبارة عن شهادة الشاهد المحامي راسم محمد سعيد كمال بالاضافة الى البينة الخطية وهي المبرزة من ط/١ الى ط/٦ على التوالي بينة للجهة المستدعية حول الطلب وافهم ٢٠٠٦/١١/٧

القاضي

وكيل الجهة المستدعية قال : اقدم باقي بينتي حول الطلب وابرز للمحكمة الموقرة كفالة تضمن كل عطل وضرر للجهة المستدعى ضدها اذا ما ظهر ان الجهة المستدعية غير محقة في طلبها وفي دعواها والمصدقة حسب الاصول والقانون .

القاضي

## قرار

اقرر ابراز الكفالة وتمييزها بحرف ط/٧ وافهم في ٢٠٠٦/١١/٧

القاضي

وكيل الجهة المستدعية قال : اختم بينتي والتمس استنادا للبينات المقدمة في هذا الطلب والتي هي عبارة عن شهادة المحامي راسم محمد سعيد كمال والمبرزات من ط/١ الى ط/٦ والمقدمة على صفة الاستعجال في هذا الطلب والتي قررت محكمتكم اعتمادها وقبولها كبينة للجهة المستدعية حول الطلب بالاضافة الى الكفالة التي تضمن كل عطل وضرر للجهة المستدعى ضدها اذا ما ظهر ان الجهة المستدعية غير محقة في طلبها هذا وهي المبرزة ط/٧ التمس اصدار القرار المؤقت بمنع المستدعى ضدهم او أي منهم او اي ممثل او وكيل او محام عنهم باتخاذ صفة مجلس ادارة الشركة المستدعية او اجراء أي تصرف بالنيابة عن الشركة المستدعية او مخاطبة أي مؤسسة او أي جهة او هيئة بالنيابة عن الجهة المستدعية باي امر او خصوص يتعلق بالشركة المستدعية او حقوقها او موجوداتها والغاء وابطال ووقف أي قرار قام المستدعى ضدهم باتخاذها باسم مجلس ادارة الشركة المستدعية وابلاغ ذلك الى جميع المؤسسات والشركات التي تملك فيها الشركة المستدعية أية حقوق او استثمارات من أي نوع سواء في فلسطين او خارجها واعتبار مكتب المحاماة المعروف باسم ليبوف ، لامب ، جرين وماكريه في نيويورك المعين من قبل الشركة المستدعية هو الممثل القانوني الذي يمثلها ويتولى الدفاع عن حقوقها في الولايات المتحدة الامريكية .

## قرار

استنادا للبينات المقدمة في هذا الطلب المؤلفة من شهادة الشاهد المحامي راسم محمد سعيد راسم كمال بالاضافة الى البينات الخطية المبرزة والتي هي عبارة عن شهادة تسجيل شركة صندوق الاستثمار الفلسطيني المساهمة العامة المحدودة المبرز ط/١ وشهادة باسماء مجلس ادارة هذه الشركة وهي المبرز ط/ ٢ وصورة عن القرار الصادر عن محكمة مقاطعة رود آيلاند غيابيا باللغة الانجليزية مع الترجمة باللغة العربية وذلك ضد السلطة الوطنية الفلسطينية في شهر تموز سنة ٢٠٠٤ والذي يلزم السلطة الوطنية الفلسطينية بدفع ما يزيد عن ماية وستة عشر مليون دولار امريكي لورثة يارون انجر وهو المبرز ط/٣ وصورة عن لائحة الدعوى مع ترجمتها باللغة العربية المقدمة من ورثة يارون انجر في عام ٢٠٠٦ لوضع يدهم على اموال الجهة المستدعية وهي المبرز ط/٤ والتي قررت بموجبها تلك المحكمة اجابة طلب الجهة المستدعى ضدها وخولتهم وضع يدهم على اموال شركة صندوق الاستثمار الفلسطيني المساهمة العامة المحدودة في امريكيا وخارجها وفي أي جهة بما في ذلك اموال الشركة في فلسطين بموجب القرار الصادر في تلك الدعوى في شهر ايلول من عام ٢٠٠٦م والذي بموجبه قام ورثة يارون انجر بتشكيل مجلس ادارة للشركة المستدعية واعتبروا انفسهم مالكين لاموال وموجودات شركة صندوق الاستثمار الفلسطيني حيثما كانت

القاضي

واينما وجدت وكذلك وبموجب هذا القرار قاموا بتعيين محاميين جدد لصندوق الاستثمار الفلسطيني وعزلوا محامين الصندوق في الولايات المتحدة الامريكية وهو المبرز ط/٥ وصورة عن الرسالة التي قام بارسالها محامي المستدعى ضدهم الى محامي شركة صندوق الاستثمار الفلسطيني يبلغونه فيها بقرار عزله من تمثيل شركة صندوق الاستثمار الفلسطيني ومن ان المستدعى ضدهم وكذلك ورثة المدعين في تلك الدعوى اصبحوا شخصا واحدا وانهم شرعوا بتوجيه رسائل ومخاطبات للبنوك وللجهات الاخرى التي تتعامل معها شركة صندوق الاستثمار الفلسطيني ولاعضاء مجلس ادارة شركة صندوق الاستثمار الفلسطيني يبلغونهم فيها بانهم اصبحوا المالكين الجدد والمديرين والمسؤولين عن صندوق الاستثمار الفلسطيني مع ترجمتها باللغة العربية وهي المبرز ط/٦ بالاضافة الى الكفالة التي تضمن كل عطل وضرر يحصل للمستدعى ضدهم فيما اذا ظهر ان الجهة المستدعية وهي شركة صندوق الاستثمار الفلسطيني غير محقة في طلبها هذا وهي المبرز ط/٧ وعليه واستنادا لهذه البينات المقدمة حول الطلب المشار اليها اعلاه بما فيها الكفالة التي تضمن كل عطل وضرر يحصل للمستدعى ضدهم ١- مئير وينجر . ٢- يهوشوا كوهين . ٣- البرفوسور مئير انجر . ٤- اوري دازبرغ . ٥- اميخاي انجر . ٦- يوخنان هارس . ٧- يوسف مئير . وعنوانهم للتبليغ بواسطة جاروسلاويكس وجاروس ، مكتب محاماة ١٥٠ ويليام ستريت ، الطابق ١٩ نيويورك ١٠٠٣٨ ، الولايات المتحدة الامريكية . وذلك اذا ما ظهر ان الجهة المستدعية شركة صندوق الاستثمار الفلسطيني غير محقة في طلبها ودعواها وعملا بنص المادة ١٠٢ من قانون اصول المحاكمات المدنية والتجارية رقم ٢ لسنة ٢٠٠١ اقرر اتخاذ اجراءات وقتية وذلك باصدار قرار مؤقت بمنع المستدعى ضدهم المذكورين اعلاه او أي منهم او أي ممثل او وكيل او محام عنهم باتخاذ صفة مجلس ادارة الشركة المستدعية وهي شركة صندوق الاستثمار الفلسطيني المساهمة العامة المحدودة او اجراء أي تصرف بالنيابة عن الشركة المستدعية او مخاطبة أية مؤسسة او اية جهة او اية هيئة بالنيابة عن المستدعية باي امر او خصوص يتعلق بالشركة المستدعية او حقوقها او موجوداتها وكذلك الغاء وابطال ووقف مفعول أي قرارات قام المستدعى ضدهم باتخاذها باسم مجلس ادارة الشركة المستدعية وابلاغ ذلك الى جميع المؤسسات والشركات التي تملك فيها الشركة المستدعية وهي شركة صندوق الاستثمار الفلسطيني أية حقوق او استثمارات من أي نوع سواء كان في فلسطين او خارجها وكذلك اقرر اعتبار مكتب المحاماة المعروف باسم ليبوف ،لامب، جرين وماكريه من نيويورك المعين من قبل الشركة المستدعية شركة صندوق الاستثمار الفلسطيني المساهمة العامة المحدودة بانه هو الممثل القانوني الذي يمثلها ويتولى الدفاع عن حقوقها وموجوداتها في الولايات المتحدة الامريكية كما واقرر وعملا بنص المادة ١٠٧ من قانون اصول المحاكمات المدنية والتجارية رقم ٢ لسنة ٢٠٠١ الزام الجهة المستدعية بتقديم لائحة دعواها خلال ثمانية ايام والا اعتبر القرار الصادر في هذا الطلب كأن لم يكن وافهم في ٢٠٠٦/١١/٧

القاضي

مصدقة عن الاصل
رئيس قلم المحكمة البدائية/رام الله
التاريخ ٧ / ١١ /

# EXHIBIT C

Thereafter

**Session of November 7, 2006** **Claim Number 217/2006**
**The Ruling Tribunal Judge Raslan Arafat** **Ramallah Court of First Instance**

**The Counsel for the Claimant Attorney Ali Safarini is present before the court**
**None of the defendants is present:**
**1- Meir Weininger**
**2- Yehoshua Cohen**
**3- Professor Meir Ungar**
**4- Uri Dasberg**
**5- Amichai Ungar**
**6- Yochanan Harris**
**7- Yosef Meir**

**<u>Order</u>**

Upon examination, I conclude from the evidence submitted along with this claim, which itself was submitted on urgency basis, which (the evidence—*Inserted by the translator*) consists of the testimony of witness Attorney Rasem Mohammad Said Rasem Kamal, in addition to the written evidence that was submitted, Exhibits T/1 to T/6, that proves that possible harm may be caused should time elapse, if the court sends copies to the defendants of the claim along with a notice to be present before the court. Therefore, pursuant to article 102 of the Civil and Commercial Law Number 2 of 2001, I decide to look into this claim on urgency basis, and with the presence of one party, that is the claimant, due to the urgency, since possible damage could be caused should time elapse if the court decides to send a notification to the claimant to be present before this court; (order—*Inserted by the translator*) delivered on November 7, 2006.

The Judge
(Signature)

The counsel for the claimant said: I plea to the honorable court to consider the evidence submitted along this Urgent Claim as evidence for the claimant regarding the merit of the claim.

**<u>Order</u>**

I order to accept the request and to consider the evidence submitted in relation to this urgent claim, which consisted of the testimony of the witness Attorney Rasem Mohammad Said Kamal, in addition to the written evidence Exhibits T/1 to T/6 respectively, as evidence of the claimant regarding (the merit—*Inserted by the translator*) of the claim; (order—*Inserted by the translator*) delivered on November 7, 2006.

The Judge
(Signature)

The counsel for the claimant said: I hereby present the rest of my evidence regarding the claim, and I present to the honorable court a bail bond, that guarantees the compensation of any delay or damage that may be caused to the defendants should it appear that the claimant's claim is illegitimate. The bail bond is duly organized and endorsed.

Judge
Raslan Arafat
(Signature)

Thereafter

**Order**

I order that the bail bond shall be submitted and shall be named T/7; (order—*Inserted by the translator*) delivered on November 7, 2006.

The Judge
(Signature)

The counsel for the claimant said: I hereby conclude the evidence submitted by me and I request, in accordance with the evidence submitted, which is the testimony of Attorney Rasem Mohammad Said Kamal and Exhibits T/1 to T/6, submitted on urgency basis in this claim, and which your court has decided to accept and to consider as evidence for the claimant regarding the (merit—*Inserted by the translator*) of the claim, in addition to the bail bond, which guarantees that any delay or damages caused to the defendants shall be compensated in case it appears that the claimant's claim is illegitimate, Exhibit T/7—I request that the court issues a temporary injunction order, banning any and all of the defendants, any representative, agent or attorney thereto, from claiming that they represent the Board of Directors (BOD) of the claimant, or to take any action on behalf of the claimant (the company), or to correspond with any institution or party or entity on behalf of the claimant, regarding any matter or issue pertaining to the claimant, its rights or its assets; and to cancel, nullify and cease any decision the defendants have taken in the name of claimant; and to bring this to the attention of all institutions and companies, in which the claimant owns any rights or investments, of whatever type they are; and whether it existed in Palestine or abroad; and to consider the Law Firm of LeBauf, Lamb, Greene, & MacRae, based in New York, and which was retained by the claimant, as the legal representative that represents it and undertakes the defense of its rights in the United States of America.

**Order**

In accordance with the evidence submitted in this claim, which consists of the testimony of Attorney Rasem Mohammad Said Rasem Kamal, in addition to the written evidence submitted, which consists of the Certificate of Incorporation of the Palestine Investment Fund Public Shareholding Company Ltd. Exhibit T/1, and a certificate listing the names of the BOD members of this company Exhibit T/2, and an English copy of the default judgment issued by the District Court of Rhode Island against the Palestinian National Authority in July 2004, with its Arabic translation, which requires that the Palestinian National Authority pay a sum exceeding $116 Million to the Estate of Yaron Ungar Exhibit T/3, and a copy of the claim document submitted by the Estate of Yaron Ungar in the year 2006, to cease the assets of the claimant, and a translation to Arabic of such document, Exhibit T/4, through which that court decided to accept the request of defendants, and authorized them to cease the assets of the Palestine Investment Fund Public Shareholding Company within and outside the United States, and in any place, including the assets of the company in Palestine in accordance with the judgment issued in that case in September 2006 AD; through which the heirs of Yaron Ungar composed a BOD for the Claimant company, and considered themselves as owners of the properties and assets of the Palestine Investment Fund Company, wherever such properties and assets exist. Also, in accordance with that judgment, they appointed new lawyers on behalf of the Palestine Investment Fund, and dismissed the fund's counsels in the United

Judge
Raslan Arafat
(Signature)

States of America, Exhibit T/5. And a copy of the letter that was sent by the attorney of the defendants to the lawyer of the Palestine Investment Fund Company, informing him of (their—*Inserted by the translator*) decision to dismiss him from the representation of the Palestine Investment Fund Company, and that the defendants and also the heirs of the plaintiffs in that case, became one party, and that they have started sending letters and correspondence to the banks and to other parties with whom the Palestine Investment Fund Company transact, as well as to the members of the BOD of the Palestine Investment Fund Company, through which they inform them that they became the new owners and directors and officers of the Palestine Investment Company, with an Arabic translation thereof, Exhibit T/6. In addition to the bail bond that guarantees the compensation of any and all delay or damage that may be caused to the defendants in case it appears that the claim of the Palestine Investment Fund Company is illegitimate, Exhibit T/7.

Therefore, and given the evidence that has been submitted in relation to the claim mentioned supra, including the bail bond that guarantees the compensation of any and all delay or damage that may be caused to the defendants: Meir Weininger, Yehoshua Cohen, Professor Meir Ungar, Uri Dasberg, Amichai Ungar, Yachanan Harris and Yosef Meir, and their address for notifications is: through the Law Office of Jaroslawicz & Jaros, 150 William Street, 19th Floor, New York, 10038, United States of America; in case it appears that the claim of the Palestine Investment Fund Company is illegitimate, and in accordance with the provisions of article 102 of the Civil and Commercial Procedures Law no. 2 of 2001;

I hereby order to take temporary actions, through issuing a temporary injunction, banning any and all of the defendants listed supra, any of their representatives, agents, or counsels from assuming the identity of the BOD of the claimant—The Palestine Investment Fund Public Shareholding Company Ltd., and (banning them—*Inserted by the translator*) from taking any action on behalf of the claimant, or corresponding with any institution or entity or party on behalf of the claimant in relation to any matter or issue that relates to the claimant, its rights or its assets. And (I also order—*Inserted by the translator*) to nullify and cancel and stop the effect of any decisions that were made by the defendants on behalf of the BOD of the claimant; and to bring (this order —*Inserted by the translator*) to the attention of all institutions and companies in which the claimant—the Palestine Investment Fund Company owns any rights or investments of whatever type, and whether it existed in Palestine or abroad. I also order that the Law Firm of LeBauf, Lamb, Greene and MacRae of New York, which was retained by the claimant—the Palestine Investment Fund Public Shareholding Company, shall be considered as the legal representative that represents it and undertakes the defense of its rights and assets in the United States of America. I also order, pursuant to article 107 of the Civil and Commercial Procedures Law no. 2 of 2001 to instruct the claimant to bring a suit within a period of eight days; otherwise, the order issued in this claim shall be considered null and void; (order—*Inserted by the translator*) delivered on November 7, 2006.

The Judge
(Signature)

Judge
Raslan Arafat
(Signature)

Thereafter

(Revenues Stamp)

(Seal of the Ramallah Court of First Instance-Supreme Court of Justice – The Palestinian National Authority)
(Seal stating that the document is a true copy of the original/Chief Clerk of the Ramallah First Instance Court/Ramallah, Date November 7, 2006)
(Seal of the Palestinian National Authority – Supreme Judicial Council – Ramallah Court of First Instance, stating that 6.5 Shekels were paid in fees to the court, to obtain a copy of the judgment, on November 7, 2006, indicating the receipt number (3/64827), and duly signed by the Treasurer)

Judge
Raslan Arafat
(Signature)